## BROXTON v. ENNIS.

ATKINSON, J.—1. Where, under a contract for the sale of land, the vendor executes to the vendee the usual bond for titles, and delivers to him the possession of the premises, even if the latter fail to pay the purchase money at maturity, he may nevertheless retain possession, either by himself or his tenant, until such time as he shall be legally evicted therefrom by the vendor; and the tenant who enters under the vendee cannot, without first surrendering his possession to the latter, attorn to the vendor upon any supposed right of the latter, without the consent of the vendee to rescind the contract of sale.

2. In such a case, where the tenant undertakes to acknowledge a tenancy both under the vendor and vendee, and distress warrants are issued at the instance of both the vendor and vendee and levied upon the property of the tenant, the warrant in favor of the vendee is the legal lien, and should prevail.

August 12, 1895.               *Judgment affirmed.*

Petition for *certiorari*. Before Judge FISH. Dooly county. January 5, 1895.

On August 24, 1894, Broxton obtained a distress warrant against Downing for the rent of certain land for 1894, upon the ground that Downing was removing or about to remove the crop from the land. On October 18, 1894, Ennis obtained a distress warrant against Downing as his tenant for rent of the same land, it being alleged in his affidavit for the warrant, that the amount claimed for rent was due and unpaid. Both the warrants were levied on the same property, and by con-

sent the property was converted into cash, which was held by the levying officer for distribution. Thereafter the issue between Broxton and Ennis as to the right to the fund was tried before a magistrate, and there was a judgment in favor of Ennis. Broxton appealed to a jury, who found in favor of Ennis. Broxton presented his petition for *certiorari*, alleging that the verdict was contrary to law and evidence. The judge refused to grant the writ. It appears from the evidence, that on February 14, 1891, Broxton contracted to sell Ennis the land according to the terms of a bond for titles and certain notes; that none of the notes had ever been paid; and that during December, 1893, Ennis stated to him that he could not pay the notes and was going to leave the place, that he was going to put a tenant on the place. Broxton then and there objected, and told Ennis that from that date on he (Broxton) would do the renting and receive the rents, that the bond for titles was then out, and that so far as he was concerned the contract to sell was then at an end, and he then and there rescinded the same, and that if Ennis remained on the place any longer he would be treated as a tenant at will. Ennis then moved from the place, and Broxton rented it to Downing for 1894, and had not received his rent though he had demanded it. The bond for titles was conditioned to convey the land to Ennis upon the payment of three notes, one for $250.56, another for $270.30, and a third for $298.98, due respectively January 1, 1892, 1893 and 1894. These notes were introduced.

Ennis testified, that he went into possession of the place under the contract as expressed by the bond for titles and the notes; that he had never paid a cent on the notes, that he left the place on or about January 1, 1894; that he rented the place to Downing; and that he had no other claim on the place than the bond for titles. Downing testified that he rented the place from

both Ennis and Broxton; that he knew there was going to be a lawsuit about the place, rented from both of them and agreed to pay the rent to the one who was entitled to it; and that he went to Broxton before he would take the place for 1894 and rented from him.

BUSBEE, CRUM & BUSBEE, for plaintiff in error.