310. BANK OF SPARTA *v.* BUTTS.

POWELL, J. 1. A petition in an action of trover which sets out a description of the property, and its value, title thereto in the plaintiff, possession in the defendant, and a refusal to deliver on demand, is good against general demurrer. *Phelan* v. *Vestner*, 125 *Ga.* 825.

2. The defendant can not, by special demurrer, compel the plaintiff to disclose the evidence by which he proposes to prove title.

3. In such a petition an allegation that a named third person delivered the property to the defendant does not tend to deny the plaintiff's title, but merely aids the description of the property. *Phelan* v. *Vestner*, supra.

4. The court erred in sustaining the demurrers, general and special.

*Judgment reversed.*

Trover, from city court of Sparta—Judge Little. October 26, 1906.

Submitted May 2,—Decided May 9, 1907.

The petition alleged: "(1) That D. L. Butts, of said county, is in possession of certain personal property, to wit, five bales of cotton which were delivered to said D. L. Butts during the month of November, 1904, by W. W. Devereaux, for which the said D. L. Butts executed his warehouse receipts to the said W. W. Devereaux. The two bales marked 'W. D.,' Nos. 1 and 2, weights 466 and 497, were delivered to said D. L. Butts on Nov. 13, 1904. One bale, marked 'W. D.,' No. 3, weight 519, was delivered to said D. L. Butts on Nov. 17, 1904. One bale marked 'W. D.,' No. 4, weight 502, was delivered to said D. L. Butts, on Nov. 18, 1904. One bale marked 'W. D.,' No. 5, weight 517, was de-

livered to said D. L. Butts, on Nov. 19, 1904, all of the value of two hundred, ninety-seven and 61/100 dollars ($297.61); to which above-described cotton your petitioner claims title. (2) That although your petitioner has offered to pay and tendered the said D. L. Butts the customary charges for insurance and storage on said cotton on the receipt or delivery of said cotton to the order of your petitioner, which the said D. L. Butts has agreed to do, yet the said D. L. Butts refuses to deliver the above-described property to your petitioner."

The defendant filed the following demurrer: (1) No legal or equitable cause of action is set forth in plaintiff's petition. (2) Paragraph 1 of the petition fails to show by proper allegations how the title to the cotton sued for got out of W. W. Devereaux and vested in the plaintiff. (3) If the plaintiff, in paragraph 1, means to say that the title to the cotton sued for passed out of W. W. Devereaux into the plaintiff, by an assignment of warehouse receipts issued by the defendant, a copy of the receipts should be attached to or set out in the petition, so as to put defendant on notice of the plaintiff's claim. (4) Plaintiff fails, in paragraph 2, to state the amount tendered, or to specify the amount for storage, and the amount for insurance, tendered, that the tender was continuous, and how and when made. (5) Paragraph 2 is too vague and indefinite, both as to tender and the character of receipt referred to. The court sustained the demurrer, and the plaintiff excepted.

*R. L. Merritt,* for plaintiff.    *W. H. Burwell,* for defendant.