12929.  AMERICAN RAILWAY EXPRESS COMPANY *v.* WILLIS.

HILL, J. "A petition in an action of trover which sets out a description of the property, and its value, title thereto in the plaintiff, possession in the defendant, and a refusal to deliver on demand, is good against general demurrer." *Bank of Sparta* v. *Butts*, 1 *Ga. App.* 771 (1) (57 S. E. 1061).

2. A bailee may maintain an action of trover. *Mitchell* v. *Georgia &c. Ry.,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. (N. S.) 622). See also, in this connection, *Harpes* v. *Harpes*, 62 *Ga.* 395.

3. The petition as amended having described the property and stated its value, and having alleged that the plaintiff was a common carrier, and that the goods described were regularly received into the possession of the plaintiff for transportation, and were delivered by mistake to the defendant, and that the defendant refused to deliver the goods on demand, the court erred in dismissing the petition on the ground that it was insufficient.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 1, 1922.

Complaint; from city court of Bainbridge — Judge Spooner. September 30, 1921.

The original petition was as follows: "The petition of American Railway Express Company respectfully shows: 1st. That E. J. Willis is a resident of said county. 2d. That on the 27th day of February, 1920, the said E. J. Willis was doing business as Willis Drug Company in the city of Bainbridge, said county. 3d. Your petitioner delivered by mistake a package of cigars of the value of $63.75 to said Willis Drug Company on the 27th day of February, 1920, which said package was marked and consigned to Mills Pharmacy. 4th. Your petitioner shows that said Willis Drug Company fails and refuses to return said shipment to your petitioner for delivery to its true owner, all to the injury of your petitioner in the sum of $63.75." An amendment was allowed, as follows: "1st. That it (the plaintiff) is a common carrier. 2d. That on the 26th day of February, 1920, the

package of cigars was regularly received into its possession for transportation to Mills Pharmacy. 3d. That said package of cigars was of the value of $63.75. 4th. That said package of cigars was demanded of E. J. Willis on the 6th day of September, 1920. 5th. That the right of possession of said property is in petitioner." The allowance of the amendment was objected to by defendant, but no exceptions pendente were preserved, nor was there a cross-bill of exceptions.

*Robert C. Alston, W. V. Custer,* for plaintiff in error.

*Hartsfield & Conger,* contra.