*Whitaker & Dukes,* contra.

---

12786. FARMERS BANK OF PELHAM *v.* POWELL.

STEPHENS, J. 1. Where two parties claim title to personalty, each under a different chain of title from vendors who were in possession but had never been in privity with each other, one of such parties does not establish title to the property as a matter of law. Where one sues the other in trover the plaintiff can not prevail as a matter of law.

2. A plaintiff in trover must recover upon his own title; and where he has never been in possession of the property sued for he can nevertheless establish a prima facie title upon proof of a bill of sale to him from his vendor who at the time of the execution of the bill of sale

was in actual possession claiming title. But possession of personal property being sufficient prima facie to establish title in the person in possession, proof that the defendant, or one under whom the defendant claims title, had possession of the property at a time subsequent to the execution of the bill of sale under which the plaintiff claims, in the absence of any proof that they claimed in privity with the plaintiff or his vendor, is sufficient to rebut the plaintiff's prima facie case and authorize the jury to find for the defendant.

3. None of the assignments of error in the plaintiff's petition for certiorari contain any merit, and the court did not err in overruling the certiorari.

> *Judgment affirmed. Jenkins, P. J., concurs. Bell, J., disqualified.*
> DECIDED SEPTEMBER 26, 1922.

Certiorari; from Mitchell superior court — Judge R. C. Bell. May 31, 1921.

*J. J. Hill, O. B. McElvey,* for plaintiff in error.
*H. H. Merry* contra.