### 15057.  BONITA THEATRE *v.* EWING.

STEPHENS, J.  1.  This case is controlled by the decision this day rendered by this court in *Bonita Theatre* v. *Bridges,* ante, 798.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 13, 1924.

Action for damages; from Fulton superior court—Judge Bell. August 13, 1923.

*Wharton O. Wilson,* for plaintiff in error.

*G. N. Bynum,* contra.

---

### 15104.  BOSWELL *v.* IVIE.

BELL, J.  The grantor in a security deed to land, while remaining in the *peaceable* possession thereof, has such interest and right of possession in the lumber sawn from the timber thereon as will defeat an action of trover for the lumber by the grantee in the security deed.  So also as to the right and interest of one who has purchased the timber, or the lumber, from him.  *Colquitt County Land Co.* v. *Rowell,* 30 *Ga. App.* 738 (1) (119 S. E. 223).  This rule is not altered by the fact that the debt secured by the deed was past due when the timber was cut.  *Broxton* v. *Ennis,* 96 *Ga.* 792 (1) (22 S. E. 945)  "To recover in trover it is essential that the plaintiff show either title or right of possession; in some cases he must show both.  In the latter class of cases, although the plaintiff may show that he has legal title, if it appears that he has by contract surrendered possession to another, who is rightfully entitled to retain possession, he cannot recover possession by mere proof of title."  *Birmingham Fertilizer Co.* v. *Dozier,* 13 *Ga. App.* 759, 762 (79 S. E. 927).  Accordingly, the court did not err in awarding a nonsuit.  This does not mean that the plaintiff was remediless, but that under the facts trover would not lie.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 13, 1924.

Trover; from city court of Greensboro—Judge Fisher. September 14, 1923.

*Noel P. Park, J. G. Faust,* for plaintiff.

*Anderson & Wood, Miles W. Lewis,* for defendant.