### 17381. STEPHENSON v. WYATT HARDWARE COMPANY.

Where, in settlement of advances made by a landlord to his tenant for the current year, the landlord accepts a bale of cotton grown on the rented premises, without receiving actual possession of the cotton, and tells the tenant to sell it and bring "the check" to him, the facts are sufficient to show an assertion of dominion on the part of the landlord and constructive delivery of the cotton; and if the tenant thereafter, as agent for the landlord, sells the cotton as directed, and the purchaser refuses to account to the landlord for the proceeds, because the tenant is indebted to himself, he is liable in trover to the landlord.

DECIDED OCTOBER 16, 1926.

Trover; from city court of Summerville—Judge Neal. April 6, 1926.

*Porter & Mebane,* for plaintiff. *C. D. Rivers,* for defendant.

JENKINS, P. J. In *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827), this court said: " 'To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant.' *Grover* v. *Iler,* 1 *Ga. App.* 77 (57 S. E. 906); *Gilmore* v. *Watson,* 23 *Ga.* 63; *Palmour* v. *Durham Fertilizer Co.,* 97 *Ga.* 244 (22 S. E. 931). Where a sale is relied upon by one as vendee thereunder, and it appears that possession is retained by the vendor, 'something more than the parol agreement of sale relating to the transfer of the title and the possession is necessary to constitute constructive delivery. The statute requires something more than mere words; it calls for acts, to dispense with a writing. It must appear that

Sales, 35 Cyc. p. 313, n. 16; p. 314. n. 21, 23; p. 320, n. 67.
Trover and Conversion, 38 Cyc. p. 2023, n. 30; p. 2044, n. 56.

after the parol contract was made, some act was done within the intention of the parties indicating an assertion of dominion over the goods by the vendee. It is no objection that such act be done by the vendor as the agent of the vendee. The vendee may constitute his vendor his bailee to accept the goods, but such bailee must do some act on the faith of the parol contract which characterizes his possession as that of agent or bailee of the vendee, or the vendee must do some act in recognition of the change in the character of the possession.' *Walker* v. *Malsby Co.*, 134 *Ga.* 399, 404 (67 S. E. 1039)."

Accordingly, where in a trover suit the plaintiff testified that he as landlord, without receiving actual physical possession thereof, had accepted a bale of cotton grown on the rented premises, in settlement of advances made to the tenant for the current year, and had told him to "take the bale of cotton to Menlo and sell it for me," and to "sell this bale of cotton and bring me the check," such an assertion of dominion over the goods by the vendee, although the act to be done was to be effected by the vendor as the agent of the vendee, was sufficient to evidence constructive delivery; and where the vendor in such case, acting as such agent of the vendee, sells the cotton as directed by the vendee, and the person to whom it is thus subsequently sold refuses to account to the original vendee for the proceeds, on account of a debt owing by the tenant to such last purchaser, such subsequent vendee is liable in trover to the original vendee, upon proof of these facts. *Weller* v. *Ellis*, 65 *Ga.* 744. The original vendee, as plaintiff in trover, having sworn to the state of facts indicated above, it was error in the trial judge to grant a nonsuit.

*Judgment reversed. Stephens and Bell, JJ., concur.*