19215.   McLENDON *et al. v.* SIMMONS.

DECIDED JUNE 17, 1929.

28

*Earl Norman, C. E. Sutton,* for plaintiffs.

*B. W. Fortson,* for defendant.

BELL, J. (After stating the foregoing facts.) The right to sue in an action of trover is in the party in whom the title to the property was vested at the time of the conversion. *McElmurray v. Harris,* 117 *Ga.* 919 (43 S. E. 987). The instant suit was not by the association, and, since the association was not incorporated, the action could not have been brought in its name as plaintiff.

Civil Code (1910), § 2830; *Kelsey* v. *Jackson,* 123 *Ga.* 113 (50 S. E. 951); *Wilkins* v. *Wardens,* 52 *Ga.* 351. The parties plaintiff are in fact ten individuals, who allege themselves to be officers of the association and who claim the right to sue in behalf of themselves and for the entire membership, consisting of some 3000 persons. Since the action is in trover, it rests only upon the allegations with reference to the plaintiffs' own title or right of possession, and so far as it seeks a recovery for the association or the other members the averments will be treated as surplusage. *Mitchell* v. *Georgia & Alabama Railway,* 111 *Ga.* 760 (2) (36 S. E. 971, 51 L. R. A. 622); *Willis* v. *Burch,* 116 *Ga.* 374 (42 S. E. 718); *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987).

The petition, though alleging that the plaintiffs were officers, fails to show that as officers they had any right other than or additional to that which they may have had as members. *Mutual Life Ins. Co.* v. *Inman Park Church,* 111 *Ga.* 677 (36 S. E. 880). It is unnecessary in a trover action for the plaintiff to allege much as to his own title. *Bank of Sparta* v. *Butts,* 1 *Ga. App.* 771 (57 S. E. 1061); *Sheffield* v. *Causey,* 12 *Ga. App.* 588, 592 (77 S. E. 1077); *American Ry. Express Co.* v. *Willis,* 28 *Ga. App.* 430 (111 S. E. 580). However, in the present case the real question is whether the plaintiffs have not alleged so much as to the title of others as to disclose affirmatively that they are not entitled to recover.

The principle of section 5415 of the Civil Code of 1910, to the effect that members of a numerous class may be represented by a few of the class in litigation which affects the interest of all, if not limited in its application exclusively to suits in equity, can have no relevancy to a suit in trover. Generally speaking, an unincorporated society or association is to be regarded as a partnership, and actions must be brought by or against the members as partners. *Jones* v. *Watson,* 63 *Ga.* 679. The petition discloses no right in the plaintiffs to bring suit in behalf of the association or for the benefit of the other members thereof. Civil Code (1910), §§ 2824, 2828; *Kelsey* v. *Jackson,* supra. Taff Vale Ry. Co. *v.* Amalgamated Society of Railway Servants [1901], A. C. 426, 65 J. P. 596, 70 L. J. K. B. 905, 85 L. T. R. (N. S.) 147; 24 Cyc. 829.

If the petition, as we have assumed above, should be construed as averring that the plaintiffs themselves are members, it is yet

silent as to whether the defendant is not also a member; and, therefore, under the rule that a pleading when considered on demurrer must be construed most strongly against the pleader, the necessary inference is that the defendant was a member. *Wolfe v. Georgia Ry. &c. Co.* 124 *Ga.* 693 (53 S. E. 239). The petition failed to show any such facts as would authorize an action of trover by plaintiffs as tenants in common against the defendant as a cotenant. See *Smith* v. *Carter,* 20 *Ga. App.* 391 (93 S. E. 44); *Ellis* v. *Hopps,* 30 *Ga. App.* 453 (10) (118 S. E. 583), and cit. If the plaintiffs are not members, they show absolutely no interest in the property and could not recover against any one.

The petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*