### 19973. WHITE *v.* DOTSON.

BELL, J. 1. "Where one in possession of personal property under a conditional sale is wrongfully deprived of its possession, he has a right to institute an action of trover against the wrongdoer to recover possession of the property, on the ground either of title or right of possession." *Painter* v. *McGaha*, 6 *Ga. App.* 54 (64 S. E. 129). Even "as against a vendor who has reserved the title, the vendee may maintain trover by showing that his right of possession is wrongfully withheld

from him by the defendant." *Roper Wholesale Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (2) (68 S. E. 883).

(*a*) The rule as laid down in *Beverly* v. *Wilson*, 19 *Ga. App.* 393 (91 S. E. 515), and *Adams* v. *Morris*, 40 *Ga. App.* 598 (151 S. E. 59), to the effect that the plaintiff can not recover where he relies on title to recover possession and his evidence shows that a paramount outstanding title is in a third person, is not in conflict, since the principle of these cases is applicable where the plaintiff is relying upon title in himself to establish the right of possession, and can not have application where, as in the case at bar, the plaintiff is shown to have such connection with the legal title of another as to give him a right of possession as an owner of an interest in the property.

2. While it appears that the finance company, as the plaintiff's vendor, could under the terms of the conditional-sale contract have rightfully repossessed the car as against the plaintiff because of acts and omissions by him contrary to the provisions of the agreement, the evidence authorized the inference that, in so repossessing the car from one who wrongfully withheld it from the plaintiff, the company was acting at the plaintiff's instance and merely as his agent, intending to hold the property in this capacity without asserting any right based upon the plaintiff's default. After such a waiver of the terms of the original agreement and an assumption of the relation of principal and agent between him and the finance company, the plaintiff would be entitled to notice, if not to a restoration, before a sale or other disposition of the property as for a default by him; and where, without such notice or restoration, the company, taking advantage of the possession which it had acquired for and on behalf of the plaintiff, delivered the property to a third person, the plaintiff, in virtue of his right of possession, could maintain an action of trover for the recovery of the property as against one who held it under no other claim than such delivery from the finance company, accompanied by a transfer of the conditional-sale contract. Since, under the circumstances stated, the plaintiff could have recovered from his vendor, the finance company, he was likewise entitled to recover from any person holding under it and standing in its shoes. Civil Code (1910), §§ 3595, 4227, 4627, 4628; *Baldwin Fertilizer Co.* v. *Thompson*, 106 *Ga.* 480 (32 S. E. 591); *Johnson* v. *American Freehold Land Mortgage Co.*, 111 *Ga.* 490 (36 S. E. 614); *Fricker* v. *Americus Mfg. Co.*, 124 *Ga.* 165 (11) (52 S. E. 65); *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (6), 271 (52 S. E. 898); *Mathis* v. *Harrell*, 1 *Ga. App.* 358 (2), 362 (58 S. E. 207); *Haas* v. *Godby*, 33 *Ga. App.* 218 (125 S. E. 897).

3. The act of the finance company in selling and assigning its right under the conditional-sale contract, including the legal title to the automobile, was not an exercise of the power of sale contained in the contract, and did not convey the entire property in the automobile; but the transaction amounted merely to a transfer of the company's rights as a creditor, without in any way impairing the right of the plaintiff.

4. Applying the above rulings, the evidence authorized the verdict, the

municipal court did not err in refusing a new trial, and the superior court properly dismissed the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED APRIL 21, 1930. REHEARING DENIED MAY 19, 1930.

*Sheppard & Dukes,* for plaintiff in error. *Don H. Clark,* contra.