24018.  LIVINGSTON *v.* EPSTEN-ROBERTS COMPANY.

26

DECIDED OCTOBER 26, 1934.

*J. D. Tindall,* for plaintiff in error. ·

*Branch & Howard, Thomas B. Branch Jr.,* contra.

GUERRY, J.   The Epsten-Roberts Company filed a trover action against M. C. Livingston for the recovery of certain personal property.   The important allegations of the petition, so far as necessary for a decision in this case, are as follows: 2. "On or about July 20, 1931, defendant executed a note to the order of plaintiff. . . 3. Said note has never been paid, and with the exception of one payment of eighteen dollars and seventy-three cents (18.73), there have been no payments made on said note.   4. In February of 1933 the defendant filed his voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Georgia.   5. In Schedule B (2) of his schedules in bankruptcy defendant alleged that he was the owner of the following described property:   [A list of the property and its value of $137.50 is here set out.]   6. Said property was also set forth in Schedule B (5) of said schedules in bankruptcy wherein defendant claimed said property to be exempted by the law of the State of Georgia as a homestead under § 3377 of the Georgia Code.   7. By order of the Honorable Harry Dodd, Referee in bankruptcy, dated February 23, 1933, said property was set apart to the said defendant as a homestead and exemption.   8. By the terms of said note defendant did convey and assign to the plaintiff and convey to the owner of said note a sufficient amount of his homestead and exemption to pay said note in full.   9. Said assignment as contained in said note conveyed any and all right, title and interest in said property to the plaintiff herein.   10. Defendant is in possession of said property and refuses to deliver said property to plaintiff."

To this petition the defendant filed a demurrer, contending that the petition should be dismissed: 1. "Because there is no cause of action set out in said petition against this defendant. 2. Because the petition shows upon its face that the plaintiff has no right, title, or interest in and to the property described therein, and is not entitled to bring trover action for the recovery thereof. 3. Because the note attached to said petition shows that it is not a title-retention contract or chattel mortgage, or any other paper which would give plaintiff any right, title, or interest in and to the property described in said petition. 4. Because under the facts set out in said petition, plaintiff is not entitled to proceed in trover and said petition should be dismissed." The trial court overruled this demurrer, and to this ruling the defendant excepted.

■ As pointed out by Cobb, J., our statutory action of trover (Civil Code, § 4483), contains the characteristics of the common-law actions of replevin, detinue, and trover. *Mitchell* v. *Ga. & Ala. Ry.*, 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622). The action of replevin, at common law, was employed for the recovery of goods *illegally taken* and *wrongfully withheld*. In this action the property itself was recoverable, with damages for its wrongful detention. Detinue was employed for the recovery of goods *lawfully taken* but *wrongfully* detained. In this action the property itself was recoverable, or if it could not be recovered, its value with damages for its wrongful detention. Trover was employed to recover the *value* of property *wrongfully withheld,* but *not* the property itself. "It is well settled that, to support any one of the three common-law actions, the plaintiff must have had either a *general* or *special* property in the goods seized." (Italics ours.) *Mitchell* v. *Ga. & Ala. Ry.*, supra. It may be stated that as a general rule the plaintiff in an action of trover must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession. *Liptrot* v. *Holmes,* 1 *Ga.* 381; *Hall* v. *Simmons,* 125 *Ga.* 801 (54 S. E. 751); *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808); *Palmour* v. *Durham Fertilizer Co.,* 97 *Ga.* 244 (22 S. E. 931); *Mitchell* v. *Ga. & Ala. Ry.,* supra; *Wallis* v. *Osleen,* 38 *Ga.* 250; *Ga. Casualty Co.* v. *McRitchie,* 45 *Ga. App.* 697 (166 S. E. 49); *Underwood* v. *Underwood,* 43 *Ga. App.* 643 (159 S. E. 725); *Mann* v. *Massey,* 43 *Ga. App.* 201 (158 S. E. 341); *Clark* v. *Wood,* 39 *Ga. App.*

340 (147 S. E. 173) ; *Stephenson* v. *Wyatt Hardware Co.*, 36 *Ga. App.* 57 (135 S. E. 316) ; *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724) ; *Dunlap-Huckabee Auto Co.* v. *Central Ga. Automotive Co.*, 31 *Ga. App.* 617 (122 S. E. 69) ; *Sims* v. *Nelson,* 31 *Ga. App.* 272 (121 S. E. 863) ; *Harrell* v. *Lister,* 29 *Ga. App.* 150 (114 S. E. 77) ; *Cox* v. *Fairbanks Co.,* 29 *Ga. App.* 538 (116 S. E. 43) ; *Farmers Bank* v. *Powell,* 29 *Ga. App.* 100 (113 S. E. 818) ; *Page* v. *Moxley,* 28 *Ga. App.* 620 (112 S. E. 731) ; *Everroad* v. *Dickson Planing Mill Co.,* 26 *Ga. App.* 329 (106 S. E. 193) ; *Caison* v. *Groover,* 24 *Ga. App.* 715 (102 S. E. 38) ; *Martin* v. *English,* 23 *Ga. App.* 485 (98 S. E. 505) ; *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827) ; *Birmingham Fertilizer Co.* v. *Dozier,* 13 *Ga. App.* 759 (79 S. E. 927) ; *Fisher* v. *Beach,* 13 *Ga. App.* 254 (79 S. E. 84) ; *Hunter* v. *Lawton-Anderson Co.,* 12 *Ga. App.* 23 (76 S. E. 782) ; *Southern Ry. Co.* v. *Strozier,* 10 *Ga. App.* 157 (73 S. E. 42) ; *Prater* v. *Painter,* 6 *Ga. App.* 292 (64 S. E. 1003) ; *Groover* v. *Iler,* 1 *Ga. App.* 77 (57 S. E. 906). As against a wrongdoer, mere possession of property by one in his own right (not merely as agent of another) will support an action of trover, as such wrongdoer will not be heard to set up the "jus tertii." Civil Code, § 4482; *Mitchell* v. *Ga. & Ala. Ry.,* supra; *Palmer* v. *Shiver,* 31 *Ga. App.* 605 (121 S. E. 852) ; *Camp* v. *Turner,* 19 *Ga. App.* 452 (91 S. E. 910) ; *Emanuel Co.* v. *Thompson,* 3 *Ga. App.* 225 (59 S. E. 603) ; *Comer* v. *Rome Chevrolet Co.,* 40 *Ga. App.* 820 (151 S. E. 678). Thus, a person in possession of personal property may recover it from anyone *wrongfully* depriving him of possession, although a third person holds legal title to it by bill of sale to secure a debt. *Bugg* v. *Daley,* 37 *Ga. App.* 645 (141 S. E. 323) ; *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (49 S. E. 839). Cf. *Mack* v. *Augusta Belt R. Co.,* 28 *Ga. App.* 816 (113 S. E. 66). So also it has been held that the vendee in a conditional-sale contract may maintain trover against a third person *wrongfully* depriving him of possession of such property. *While* v. *Dolson,* 41 *Ga. App.* 436 (153 S. E. 233) ; *Ellis Motor Co.* v. *Hancock,* 38 *Ga. App.* 788 (145 S. E. 518) ; *Painter* v. *McGaha,* 6 *Ga. App.* 54 (64 S. E. 129). *Right of possession,* through some special title in property, such as the legal impounding of cattle by the defendant (*Scott* v. *Sanders,* 25 *Ga. App.* 21, 102 S. E. 370), or detention of property by the defend-

ant for charges as depository for hire *(Collins v. Hilton, 27 Ga. App.* 439, 108 S. E. 824), will defeat an action of trover by the holder of the legal title to the property, as also will a *right of possession* through some special title in property support an action of trover even as against the holder of the legal title to the property. *Walker v. Ayers,* 47 *Ga. App.* 113 (169 S. E. 784) ; *White v. Dolson,* supra; *Boswell v. Ivie,* 31 *Ga. App.* 807 (122 S. E. 97) ; *Colquitt County Land Co. v. Rowell,* 30 *Ga. App.* 738 (119 S. E. 223) ; *American Ry. Express Co. v. Willis,* 28 *Ga. App.* 430 (111 S. E. 580) ; *Small v. Wilson,* 20 *Ga. App.* 674 (93 S. E. 518) ; *Roper Wholesale Grocery Co. v. Faver,* 8 *Ga. App.* 178 (68 S. E. 883).

In the present case no point is raised by special demurrer as to the sufficiency of the allegations in the trover suit, and it seems to contain *all* the *essential* allegations of a trover suit. See, in this connection, *American Ry. Express Co. v. Willis,* supra; *Bank of Sparta v. Butts,* 1 *Ga. App.* 771 (57 S. E. 1061) ; *Milltown Lumber Co. v. Carter,* 5 *Ga. App.* 344 (63 S. E. 270) ; *Darley v. Ehrlich,* 31 *Ga. App.* 795 (122 S. E. 249). It is settled that in a trover suit an allegation to the effect that the plaintiff is the owner of the property sued for is sufficient, and is not subject to demurrer as being a conclusion of the pleader, and that the plaintiff can not be required by special demurrer to allege his evidence upon which he expects to show title to the property. *Bank of Sparta v. Butts,* supra; *McLendon v. Simmons,* 40 *Ga. App.* 27 (148 S. E. 626). However, where the plaintiff in a trover action does allege facts upon which he bases his title, it becomes a question of law whether or not the facts alleged support the allegation of ownership. *McLendon v. Simmons,* supra.

▮ The plaintiff in the case at bar bases his claim of title on the following clause in the note given it by the defendant: "We, jointly and severally, transfer, assign and convey to the owner of this note a sufficient amount of my or our homestead and exemption to pay this note in full, principal and interest, attorney's fees and costs, and I or we hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt." That this clause conveys *legal title* to the property when the property is set aside to the bankrupt as a homestead has been set-

tled by our Supreme.Court in *Marlin* v. *Citizens Bank,* 170 *Ga.* 180 (152 S. E. 234), where it was held: "A joint promissory note containing a provision that the makers jointly and severally transfer, sell, assign, and convey to the payee of the note a sufficient amount of his or their homestead exemptions to pay the note in full, and that in the event these exemptions are obtained or granted to either of the makers in the bankruptcy court, then they request and direct the trustee to deliver to such payee a sufficient amount of the property or money claimed as exempt to pay off the amount due thereon, conveys the title to the property of the bankrupt afterwards set aside to him as a homestead exemption. *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86) ; *Comer Bank* v. *Meador Cauthorn Co.,* 160 *Ga.* 719 (128 S. E. 785)." See also *Southern Wholesale Corp.* v. *Pincus,* 173 *Ga.* 421 (160 S. E. 377) ; *Bank of Donalsonville* v. *Frank,* 159 *Ga.* 846 (126 S. E. 832) ; *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692) ; *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445 (110 S. E. 229) ; *Taylor Co.* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386) ; *Tribble* v. *Anderson,* 63 *Ga.* 31. It is to be observed that in this case the debt for which the conveyance of the homestead property was given, with interest from maturity (taking into account the credit on the note), is in *excess* of the value of the property set aside to the bankrupt as a homestead exemption, and therefore such conveyance in the note takes in *all* the property so set aside; which makes certain the property conveyed. No ruling is here made as to whether or not trover would lie had the value of the property set aside as an exemption been in excess of the amount of the note. We are of the opinion, therefore, that the overruling of the defendant's demurrer was proper, and that the refusal to grant a new trial was not error.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*