## 27051. FEDERAL LAND BANK OF COLUMBIA v. SAINT CLAIR LUMBER COMPANY.

Decided October 24, 1938.

534

*N. P. Stapleton, Harry D. Reed,* for plaintiff.

*P. Z. Geer,* for defendant.

SUTTON, J. The petition as amended presents a situation where the owner of land with timber growing thereon executed and delivered to the plaintiff a deed conveying such land to secure a loan, and thereafter sold to another person the right to cut timber from such land, and where such other person, after cutting and removing the timber, sold it to the defendant before the plaintiff

received a warranty deed to the property after sale on default in payment of one or more installments of the debt, the sale being made under a provision of the security deed, and where the security deed had been duly recorded before the cutting and sale of the timber, but of which security deed the purchaser of the timber had no actual notice. Did the court err in sustaining the general and special demurrers, and in dismissing the petition as amended? The petition as amended did not set forth a cause of action for trespass because of impairment of the security of the plaintiff. It is not shown that the plaintiff was the true owner of the land at the time the suit was brought, or that it had actual possession, it being contended only that the plaintiff had title to the timber which had been cut from the land, and it is apparently conceded by counsel for the plaintiff that the only cause of action alleged, if any, is one of trover.

The petition as amended alleges that the plaintiff had title to the sawed timber, describes it sufficiently in the absence of a special demurrer, states its value, that the defendant was in possession of the timber, and that, although demand had been made therefor, the defendant refused to surrender the sawed timber. These are sufficient allegations in an action of trover, and the prayer of the petition is not inconsistent with such an action. *Bank of Sparta* v. *Butts*, 1 *Ga. App.* 771 (57 S. E. 1061) ; *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344, 348 (63 S. E. 270) ; *American Railway Express Co.* v. *Willis*, 28 *Ga. App.* 430 (111 S. E. 580). The petition, however, by specific allegations shows that the only title held by the plaintiff at the time the timber was cut, removed, and sold was that conveyed to it in a security deed, and as this title did not constitute the plaintiff the "true owner" as contemplated by the law, the petition is to that extent deficient.

As between the grantor and the grantee in a security deed, the grantor remaining in peaceful possession is the true owner. Let us examine that question with particular reference to the right of the grantor to cut timber from land conveyed by security deed to another. In England the mere cutting of timber, in a situation analogous to the present case, was waste; but in this country it has not yet become so regarded. In *Small* v. *Slocumb*, 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 131, 81 Am. St. R. 50), it was held: "The vendor of land who retains title thereto for the purpose of

securing the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such acts impair the value of the vendor's security." In the opinion it was said: "To cut timber and clear land so as to make arable what was before woodland is not, in this State, waste unless the value of the land is thereby impaired." In *Uvalda Naval Stores Co.* v. *Cullen,* 165 *Ga.* 115, 117 (139 S. E. 810), it was said: "A deed to secure debt passes to the vendee the title to the property thereby conveyed, till the debt which the conveyance was made to secure shall be fully paid, 'and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage.' Civil Code (1910), § 3306 [Code of 1933, § 67-1301]. While such a deed is an absolute conveyance, it does not convey to the vendee therein an absolute estate. The grantor in such a deed retains the right of possession and the right of redemption by payment of the debt, and consequently an equitable estate in the land, which may be assigned or subjected to the payment of his debts. *Tift* v. *Dunn,* 80 *Ga.* 14 (5 S. E. 256); *Citizens Bank* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247). So the vendor of land who retains title thereto for the purpose of securing the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such acts impair the value of the vendor's security. *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50). So the vendor in such a deed will not be enjoined from cutting the timber on the land thereby conveyed, unless such act impairs the value of the vendee's security. *Billing* v. *Challooga County Bank,* 159 *Ga.* 78 (124 S. E. 899)."

In *Washington Loan &c. Co.* v. *Washington Exchange Bank,* 165 *Ga.* 503, 509 (141 S. E. 405), referring to the ruling in *Small* v. *Slocumb,* supra, that "The vendor of land who retains the title thereto for the purpose of securing the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such acts impair the value of the vendor's security," the court said: "And we think that this same rule would apply in a case where the owner of land

has conveyed the title as security for a loan." In *Darby* v. *Mutual Benefit Life Insurance Co.,* 165 *Ga.* 516 (141 S. E. 410), it was held: "Injunction may be granted, on suit by grantee in a security deed to land, to prevent cutting of timber growing thereon by one claiming right or title acquired from the vendor in the security deed after its execution and record, when such cutting will impair the value of the security." In *Guin* v. *Hilton & Dodge Lumber Co.,* 6 *Ga. App.* 484, 487 (65 S. E. 330), the right of one to cut timber, when in possession of land under a bond for title, was recognized, for it was held: "One in possession of land under bond for title who furnishes a sawmill with logs cut from the land may proceed under section 2809 of the Civil Code [1933, § 67-2206] to foreclose his lien; and the fact that the owner of the sawmill has paid the purchase-price of the logs to the holder of the legal title to the land taken or retained to secure the payment of the purchase-price, but who has taken no steps to protect the value of the property, nor prosecuted to a successful conclusion an action to recover possession of the premises, affords no defense to the foreclosure of the lien." In the opinion it was said: "The fact that injunction is a proper remedy only when the holder of the legal title can show that the value of his security is being depreciated or diminished is strong proof that the law does not contemplate that he shall have any interest in the land other than a right to a security for the payment of his debt, *and that with this exception the holder of the bond for title is the full and* complete owner of the land. [Italics ours.] It is a matter of common knowledge and well-nigh universal practice in this State that transactions in realty containing valuable timber or mineral deposits are made upon the understanding, either expressly stated in the course of the negotiations leading up to the sale, or tacitly so understood, that the purchaser will be able to pay the purchase-price, in large measure, by a conversion of these natural resources into money."

This court has uniformly held in other cases that the holder of a bond for title, in possession of the land described in the reconveyance bond, could cut and sell timber, although, as already shown, the right is subject to the qualification that injunction will lie to restrain a cutting which impairs the value of the vendor's security. *Buck* v. *Duvall,* 11 *Ga. App.* 853 (76 S. E. 1053) ; *Scott* v. *Ward,* 23 *Ga. App.* 416, 420 (98 S. E. 412) ; *Colquitt County Land Co.*

v. *Rowell,* 30 *Ga. App.* 738 (119 S. E. 223) ; *Boswell* v. *Ivie,* 31 *Ga. App.* 807 (122 S. E. 97). In *Broxton* v. *Ennis,* 96 *Ga.* 792 (22 S. E. 945), it was held, in effect, that the vendee in possession under a bond for title is to be considered the true owner of the land until the vendor legally recovers possession. The court through Mr. Justice Atkinson, said: "Where the tenant undertakes to acknowledge a tenancy both under the vendor and the vendee, and distress warrants are issued at the instance of both the vendor and vendee and levied upon the property of the tenant, the warrant in favor of the vendee is the legal lien, and should prevail." In that case Broxton contracted to sell to Ennis land according to the terms of a bond for title and certain notes. No payment was made, and Ennis, in spite of Broxton's protest, rented the premises to a tenant, Downing, and vacated the premises. Fearing a lawsuit, Downing also rented the same premises from Broxton. Broxton contended that, none of the notes having been paid, the bond for title was at an end, and that he thereupon rescinded the contract to sell. The court held: "Where, under a contract for the sale of land, the vendor executes to the vendee the usual bond for titles, and delivers to him the possession of the premises, even if the latter fail to pay the purchase-money at maturity, he may nevertheless retain possession, either by himself or his tenant, until such time as he shall be legally evicted therefrom by the vendor; and the tenant who enters under the vendee can not, without first surrendering his possession to the latter, attorn to the vendor upon any supposed right of the latter, without the consent of the vendee to rescind the contract of sale." The rent for the year in dispute was thereupon awarded to the vendee in the bond for title. In *Colquitt County Land Co.* v. *Rowell,* supra, it was held: "One who purchases from one in possession of land under a bond for title timber cut from the land acquires such interest or title thereto as will defeat an action in trover by the obligor in the bond; and it is immaterial that the person in possession of the land had no permission from the holder of the legal title to the land to sell the timber, other than that inhering in his rights as purchaser and holder under the bond for title." In *Boswell* v. *Ivie,* supra, it was held that the grantor in a security deed, remaining in peaceful possession, might defeat an action in trover brought by the grantee to recover the timber cut from the land, in the hands of the grantor

or a purchaser from him, *although the debt secured by the deed was in default.* In *Scottish-American Mortgage Co.* v. *King Lumber Co.,* 35 *Ga. App.* 524 (134 S. E. 140), it was held that no action may be brought by the grantee in a security deed to recover the value of timber cut from the land conveyed, *even though the cutting was done without the knowledge and consent of the grantee, and although the party doing the cutting knew that the grantee held the legal title.* In *Candler* v. *Dodge County Lumber Co.,* 34 *Ga. App.* 289 (129 S. E. 289), it was held: "Since the vendee of land held under a bond for title from the vendor is, as to third persons, to all intents and purposes the true owner of the land, it follows that one who purchases timber from the vendee and removes it from the land is not, in the absence of any contractual relation with the vendor, accountable to the vendor for the value thereof." No contractual relation between the plaintiff and the defendant was alleged to have existed in the present case.

We have at some length set forth the rights of a vendee in a bond for title, and a grantor in a security deed, as to cutting timber, because the present case is somewhat novel. The grantor in a security deed bears the same relation to the grantee as does the vendee in a bond for title to the vendor. *Mills Lumber Co.* v. *Milam,* 57 *Ga. App.* 211, 216 (194 S. E. 211). From the authorities it must follow that where, in a case like the present, the grantee makes no effort to enjoin the cutting of timber from the conveyed land, the grantor, being in peaceful possession, may cut the timber therefrom, and where no contractual relation is alleged between the grantee and the purchaser of timber so cut, and no intent to defraud or collusion is alleged, as to impairing the value of the security, the purchaser, who in good faith purchases timber from one who, under a contract with the grantor, cuts and removes the timber from the lands conveyed, is not liable to the holder of the legal title in a security deed, because the latter is not in contemplation of law the "true owner" of the land conveyed as security for a loan to the grantor, or of timber which is cut therefrom. The petition, while alleging generally that the plaintiff holds title to the cut timber, shows by a specific allegation that the title claimed is only that held as a grantee in a security deed; and as the plaintiff is not shown to have been the true owner or in actual possession before acquiring a warranty deed, the timber being in the

meantime cut and sold, the petition does not set forth a cause of action in trover, and for that reason is not good against the general demurrer of the defendant. A ruling on the special demurrers is, consequently, rendered unnecessary.

All of the cases cited by counsel for the plaintiff have had the court's careful and painstaking consideration, but they deal with the right of a title holder to recover fixtures which had been removed from land, and are not in point. A different rule of law applies as to the cutting of timber from land conveyed as security for a loan, the right of the grantor being determined by a consideration of whether or not such cutting impairs the grantee's security. Counsel for the plaintiff contend that the acquisition of title under the warranty deed, pursuant to sale of the land under the power granted in the security deed, qualified the plaintiff as the "true owner" in that such title related to the date of the security deed. We know of no law which sustains this contention in a purported trover action for timber cut from land conveyed by a security deed, and to uphold the contention would be to attempt to set at naught the principles enunciated in the decisions we have reviewed in the foregoing opinion. These decisions establish the right of a vendee in a bond for title or a grantor in a security deed as of the time the timber is cut, and consequently the right of a purchaser of timber so cut. The grantor, being in peaceful possession and the true owner, continues to be so until evicted by legal process or until a warranty deed, as in the present case, is acquired by the original grantee; and in the meantime the act of the grantor in selling the right to cut timber from the land, the act of the intermediate party, Ross, in cutting and removing the timber, and the act of the defendant in purchasing the timber from Ross, are all protected in law under the circumstances set forth in the petition as amended.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*