34125. MILNER *v.* INGRAM & LeGRAND LUMBER CO.

DECIDED JULY 16, 1952.

*Carlton Brown,* for plaintiff in error.
*R. S. Wimberly,* contra.

FELTON, J. As against a general demurrer the amended petition alleged that Spivey was the plaintiff's agent for the purpose of cutting, selling and collecting for the timber for the plaintiff

as evidenced by the allegation that Spivey "was to collect a $25.00 per thousand stumpage value *for your petitioner and return it to your petitioner."* (Emphasis supplied.) Where, as here, an agent is in possession of his principal's property for the purpose of selling such property and collecting therefor for his principal, and where the agent delivers such property to a person, who is his creditor, for the purpose of making a sale and collecting therefor on behalf of his principal and that person takes the property, and instead of paying the agent therefor on behalf of the principal, applies the purchase price to the agent's indebtedness to himself, such person is liable in trover to the principal-owner for such property. *Stephanson* v. *Wyatt Hardware Co.*, 36 *Ga. App.* 57 (135 S. E. 316).

The defendant in error contends that the plaintiff clothed the agent with indicia of ownership and a right to sell, and that the principle announced in Code § 37-113 to the effect that when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss is applicable here. We do not agree. A recovery by the plaintiff here will not injure the defendant, but will only place it in the same position it maintained before the delivery of the timber, that of the agent's creditor.

The case of *Clarke Bros.* v. *McNatt*, 132 *Ga.* 610 (64 S. E. 795), relied on by the defendant in error, is not applicable in the instant case. In that case the relationship of principal and agent did not exist as in the instant case; there the plaintiff and the third parties entered into a contract whereby the plaintiff was the vendor and the third parties the vendees of the timber in question.

The amended petition stated a good cause of action in trover as against a general demurrer. The court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*