CHISEM *v.* KIRBY-EVANS MATERIAL COMPANY.

WYATT, Justice. This is a suit to enjoin the cutting of timber and to recover for timber already cut. The allegations of the petition, together with the allegations contained in a pleading designated as a verified reply to defendant's answer, filed by order of the court below, were, in so far as is material here, as follows: that on November 15, 1946, Virgil Pickett conveyed to F. M. Jarrett by warranty deed certain described realty; that at the same time, Jarrett executed and delivered to Pickett an instrument in which Pickett was given the right of possession and of repurchase upon terms and conditions contained in the instrument; that on November 14, 1947, Pickett conveyed to defendant certain timber rights in the land by written lease, which was duly recorded; that the term of the lease was extended from time to time; that on November 15, 1949, Jarrett transferred his rights in the land to plaintiff by warranty deed; that Pickett resided on and maintained possession of the land at all times; that on and after July 23, 1951, defendant entered on said land and began cutting the timber therefrom. The prayers of the petition were for injunction and for damages. Defendant filed a motion to dismiss the case and the motion was sustained. To this ruling plaintiff excepted. *Held:*

1. Construing the allegations of the petition and reply most strongly against the pleader, as must be done, the allegations show a transaction creating the relationship of debtor and creditor between Jarrett and Pickett. The warranty deed given by Pickett to Jarrett was for the purpose of securing the payment of a definite and stated amount of money, and Jarrett gave Pickett an instrument in the nature of a bond for title conditioned upon the payment of such sum in accordance with the terms of the instrument. Pickett is not a party to this suit. This suit is between a transferee of Jarrett and a lessee of Pickett. It is not disputed that, under the original transaction between Pickett and Jarrett, Pickett retained an interest in the land, nor is it alleged that Pickett ever divested himself of such interest in any manner provided by law so as to affect the rights of third parties. See Code, § 29-114.

2. There is no question but that Pickett, who was in possession of the land in question under a bond for title, could sell the timber rights, and, so long as he remained in possession, extend the term of the lease, so long as the security of the grantee was not impaired. See *Federal*

*Land Bank of Columbia* v. *Saint Clair Lumber Co.*, 58 *Ga. App.* 532 (199 S. E. 337), and the numerous cases there cited. "One who purchases from one in possession of land under a bond for title timber cut from the land acquires such interest or title thereto as will defeat an action in trover by the obligor in the bond; and it is immaterial that the person in possession of the land had no permission from the holder of the legal title to the land to sell the timber." *Colquitt County Land Co.* v. *Rowell*, 30 *Ga. App.* 738 (119 S. E. 223). See also *Scottish-American Mortgage Co.* v. *King Lumber &c. Co.*, 35 *Ga. App.* 524 (134 S. E. 140). In *Small* v. *Slocumb*, 112 *Ga.* 279 (37 S. E. 481), it was held that the vendor of land who retains title thereto for the purpose of securing the payment of the purchase money can not by injunction prevent the vendee from clearing the land and cutting the timber therefrom unless such acts impair the value of the vendor's security. The same rule applies in a case where the owner of the land has conveyed the title as security for a loan. *Washington Loan &c. Co.* v. *Washington Exchange Bank*, 165 *Ga.* 503 (141 S. E. 405). It is not contended in the instant case that the cutting of the timber here involved will in any way impair the security of the plaintiff. It is therefore clear that, under the allegations of the petition and reply, this plaintiff, who is the successor to the vendee of land to secure debt, cannot enjoin the defendant, to whom the vendor sold timber under the lease, or recover for timber already cut. The judgment of the court below dismissing the petition was therefore not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17941. Argued July 14, 1952—Decided September 2, 1952.

*S. Spencer Bennet* and *Alexander, Vann & Lilly,* for plaintiff in error.

*Jesse J. Gainey* and *James T. Gainey,* contra.