### 45137. BECK v. VIOLET.

HALL, Presiding Judge. Defendant in a trover action appeals from a judgment for the plaintiff. Plaintiff had a car, the legal title to which was in a credit union under a bill of sale to secure debt. Plaintiff in turn "sold" the car to defendant under a conditional-sale contract. Defendant wrecked the car and made no further payments to plaintiff, as per the sale contract. Plaintiff brought a trover action alleging title. Defendant enumerates as error the court's failure to admit evidence of this title and the judgment, contending that as the issue in trover is title, proof of outstanding title in a third person may be shown by the defendant and will defeat a recovery.

"One who has a *right of possession* may recover the property from one who wrongfully deprives him of possession, although a third person may hold legal title by a bill of sale to secure debt." *Chastain v. Consolidated Credit Corp.*, 113 Ga. App. 225, 230 (147 SE2d 788); *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25 (177 SE 79).

Also, and closely analagous, a vendee in a conditional-sale con-

tract may maintain trover against a third person wrongfully depriving him of possession of the property. *White v. Dotson,* 41 Ga. App. 436 (153 SE 233).

Legal title elsewhere thus having no effect on plaintiff's right to recover of defendant, failure to admit evidence on the subject was not error.

*Judgment affirmed. Deen and Evans, JJ., concur.*

SUBMITTED MARCH 4, 1970—DECIDED APRIL 7, 1970—
REHEARING DENIED MAY 1, 1970.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*H. B. Edwards, Jr., H. E. Edwards, III,* for appellee.