29794, 29800.   BEAVERS *v.* REYNOLDS BROTHERS
LUMBER COMPANY; and *vice versa.*

DECIDED FEBRUARY 23, 1943.

*R. J. Bacon,* for plaintiff.

*Bennet, Peacock & Perry,* for defendant.

GARDNER, J. 1. It is true that it does not appear from the record why a delay of four and a half months from the date of the judgment to the date of securing the signature of the judge to the bill of exceptions was occasioned. However, there are extraneous documents concerning same. It is ·possible that the additions to the bill of exceptions originally presented to the judge, which were made during this time, could have been omitted without neglect or ·design. In this view, though desiring not to be understood as ap-

proving unnecessary delay in presenting exceptions to a judgment, the motion to dismiss is overruled.

2. The purchaser of real property, under power of sale contained in a security deed, where the deed executed under the power is not recorded, stands in the shoes of the grantee in the security deed in so far as the rights of innocent third parties are concerned. Under the record of this case it is immaterial whether the petition be construed as one grounded in trespass on land, or one in trover for a conversion of the timber detached from the realty, or other action. In our view the plaintiff failed to make out a case entitling him to recover under any theory. As to the first, the evidence fails to show (a) that the lumber company knew, actually or constructively, of the sale under the power contained in the security deed. (b) Young continued in possession from the time of the execution of the security deed until after the timber was cut. (c) The fact that the possession of Young when the timber was cut was by virtue of a parol contract of tenancy between Beavers as landlord and Young as tenant, under the unrecorded sale deed, is not sufficient to deprive the lumber company of the character of an innocent purchaser from Robinson (who purchased the timber from Young, cut it and sold it to the lumber company). (d) It must be kept in mind that the evidence nowhere discloses any relationship of principal and agent or master and servant as between the lumber company and Robinson and Young or either of them. Therefore the evidence fails to sustain an action for trespass. Nor does it sustain an action of trover, or other action.

It was held by this court in *Mills Lumber Co.* v. *Milam, 57 Ga. App.* 211, 216 (194 S. E. 911) : "The grantee in a security deed, or the vendor in a bond for title, without taking steps to protect the property or recover possession may not be said to be the owner of the land or of the timber growing thereon. Such holder of the legal title could, without question, ask and obtain the aid of a court of equity against the grantor in the security deed or the vendee in a bond for title, and the purchaser of the timber, where it can be shown that the cutting and removing the timber will impair the security. . . It has been held that the grantor in a security deed while remaining in peaceable possession of the land, although the debt secured by such deed is past due, may defeat an action in trover brought by the grantee in the deed to recover the

timber cut from such land in the hands of the grantor or a pur- chaser from him. . . It has also been held that no action may be brought by the grantee in a security deed to recover the value of the timber cut from the land, although such cutting was without the knowledge and consent of the grantee, and although the party doing the cutting had knowledge of the fact that the grantee held the legal title. *Scottish-American Mortgage Co.* v. *King Lumber Co.*, 35 *Ga. App.* 524 (134 S. E. 140)."

It must follow, without regard to the construction of the petition, that the court did not err in granting a nonsuit, since on neither theory would the evidence sustain a recovery. For a detailed discussion of the principles applied to the facts of the instant case we call attention to the well considered opinion in *Mills Lumber Co.* v. *Milam,* supra. See *Federal Land Bank of Columbia* v. *Saint Clair Lumber Co.*, 58 *Ga. App.* 532 (199 S. E. 337). It is helpful to consider in this connection the Code, § 29-401, for it deals with priority of rights concerning deeds to land and may by deduction enlighten us in such a situation as here presented.

It is unnecessary to decide the other questions raised.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*