34145. CORDELE SASH, DOOR & LUMBER CO. INC. *v.*
PRUDENTIAL INSURANCE CO. OF AMERICA.

DECIDED SEPTEMBER 13, 1952.

*Mixon & Forrester,* for plaintiff in error.
*Wright & Reddick,* contra.

SUTTON, C.J. Prudential Insurance Company of America filed a suit in the Superior Court of Crisp County against Cordele Sash, Door & Lumber Company, a corporation, and the petition as amended alleged: that, on December 20, 1947, Center I. Thompson and William C. Thompson executed and delivered to the plaintiff a security deed to certain described land in Crisp County, as security for an indebtedness of $10,000, which deed was duly recorded in the deed records of said county, and contemporaneously therewith the said Thompsons executed and delivered to the plaintiff a promissory note for the principal sum

of $10,000, and that on said indebtedness there was a balance due of $2710.45 at the time of filing of this suit; that copies of the security deed and note were attached to the petition; that, on or about March 2, 1948, the defendant cut, removed, disposed of, and converted to its use all of the pine timber on the described land, of the approximate dimensions of fourteen inches in diameter, twelve inches from the ground, and containing approximately 150,000 board feet; that the value of the timber thus cut and removed from said lands by the defendant was $1900, and the defendant paid the said Thompsons $1900 for the timber on the land covered by the security deed and of the dimensions above stated; that the plaintiff did not give its consent in writing or otherwise to the defendant to cut and remove said timber from said land; that the plaintiff was entitled to recover of the defendant $1900, being the value of the timber cut and removed from the land, together with interest at the rate of 7% per annum from March 2, 1948, and reasonable attorney fees; and judgment was prayed for the amount sued for.

The defendant demurred to the petition on the grounds: (1) that it failed to set forth a cause of action; (2) that it was not alleged that the $1900 paid to the Thompsons, as makers of the note and security deed, by the defendant for the purchase of the timber was not in turn paid by them to the plaintiff; (3) that there was no allegation of fraud or collusion, without which no cause of action will lie; and (4) that the petition shows on its face, by virtue of the deed attached thereto, that the loan to the Thompsons was guaranteed by the Veterans Administration, and the plaintiff does not allege any ultimate loss on said loan. The demurrers were overruled, and the defendant filed exceptions pendente lite to said ruling.

The defendant filed its answer, in which it admitted only so much of the plaintiff's allegations concerning the indebtedness of C. I. and W. C. Thompson to the plaintiff as appeared of public record, and neither admitted nor denied the alleged balance of the indebtedness due the plaintiff by the Thompsons under the security deed and promissory note, but demanded strict proof thereof. The defendant admitted that it cut and removed all of the pine timber on the land covered by the security deed and of the dimensions stated in the petition, but denied that the

timber cut contained or amounted to 150,000 board feet. The defendant admitted that it had paid C. I. and W. C. Thompson $1900 for the timber in question, but denied that said amount was the true and correct value of the timber, and denied that the plaintiff was entitled to recover $1900 with interest and attorney fees. The defendant further answered, alleging that it cut and removed the pine timber from the land in question under and by virtue of a bona fide timber lease from C. I. and W. C. Thompson, who were the holders of a warranty deed to the land and in actual possession thereof at the time said lease was made; that they paid to the lessors of said timber cash in excess of its true value; that the timber transaction between the defendant and the said Thompsons was made in good faith; and that their lease was duly recorded and the plaintiff never interposed any objection thereto.

The case proceeded to trial; and, at the conclusion of the evidence, the court instructed the jury that the plaintiff was entitled to recover for the value of the timber, and left it to the jury to determine what that value was, and also submitted to the jury the issue as to the recovery for reasonable attorney fees. The trial resulted in a verdict for the plaintiff for $1900, as the value of the timber cut, and for $400, as attorney fees. The defendant made a motion for a new trial, which was amended, and the motion was denied. The exception here is to the overruling of the defendant's demurrers and its motion for a new trial.

1. The act of 1939 (Ga. L. 1939, p. 340; Code, Ann. Supp., § 105-1412) provides: "Every person, firm or corporation, who, without the written consent of the owner of legal title to land or an interest in land as security for debt, as shown by the public records of the county where such land is located, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself, itself or another, any trees growing or grown on such land, shall be liable to such owner of such legal title for such trees or the value thereof, in any form, bought, sold, cut, removed, held, disposed of, changed in form, or otherwise converted by him or it: Provided that recovery may not be for more than the unpaid portion of the secured indebtedness, interest thereon, and a reasonable attorney's fee: Provided

such recovery may be had by action at law from the purchaser or purchasers of such interest in the trees, mineral, or other rights or interest in said incumbered real estate, either jointly or severally, with the holder of the equitable title; the owner of said land shall be allowed to use said timber for his own use, such as firewood or other necessary uses of timber in and around said farm."

The petition shows that the plaintiff held a duly recorded security deed to the land from which the defendant cut, removed, and converted to its own use the pine timber, amounting to approximately 150,000 board feet, of the value of $1900; that this was done by the defendant without the consent of the plaintiff, written or otherwise; and that the balance due on the indebtedness secured by the security deed to said land was $2710.45, which was some $800 more than the alleged value of the timber cut and removed from the land by the defendant.

Under the provisions of the act above quoted, the petition set out a good and valid cause of action for the value of the timber in question and was not subject to the demurrers interposed thereto by the defendant. The court did not err in overruling such demurrers.

The defendant in its answer admitted that it cut and removed all of the pine timber on the land covered by the plaintiff's security deed, of the approximate dimensions of fourteen inches in diameter twelve inches from the ground, but denied that said timber contained approximately 150,000 board feet. Paul Smith, a retired sawmill man, testified that he cruised the timber here in question with the intention of buying it himself, before it was cut by the defendant; that he estimated it contained 140,000 board feet; and that the particular tract of timber was worth an average of $15 per thousand board feet on the stump at that time.

Documentary evidence, consisting of a check from the defendant to C. I. and W. C. Thompson and a timber lease from the Thompsons to the defendant, showed that the defendant paid said Thompsons $1900 for the timber in question, which was cut from the land to which the plaintiff held the security deed. The evidence showed that the plaintiff had not received payment for the timber from anyone, and further showed that the said

Thompsons had defaulted on the $10,000 loan secured by the security deed to the land from which the defendant cut the timber; that the land was sold under the security deed for $7425 and the net amount of the sale, $7324.25, was credited on the loan and left a balance of $2710.45 due the plaintiff on said indebtedness; that the plaintiff does not own the property which formerly secured this loan, but that the land has been deeded to the Veterans Administration for $7425, and that the Veterans Administration had notified the plaintiff to look to the defendant for the $1900 and to institute the present action therefor.

It appeared from the pleadings and the evidence that the security deed to the plaintiff was executed on December 20, 1947, and was duly recorded; that some time thereafter, in the early part of 1948, C. I. and W. C. Thompson executed the timber lease to the defendant for $1900, and that the defendant cut and removed the timber in question from the land to which the plaintiff held a duly recorded security deed, without any consent or permission from the plaintiff to do so.

Under the evidence and the law applicable thereto, a verdict was demanded for the plaintiff, and the trial judge did not err in instructing the jury that the plaintiff was entitled to recover, where he left it to the jury to determine from the evidence the amount of the value of the timber cut and removed by the defendant and also submitted to the jury the issue as to the recovery of reasonable attorney fees.

■ The verdict for $1900 as the value of the timber and $400 as an attorney's fee was authorized by the evidence, and the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*