36820. DAVIS *v.* ROME KRAFT COMPANY *et al.*

DECIDED SEPTEMBER 19, 1957—REHEARING DENIED OCTOBER 4, 1957.

454

456

*Marion W. Corbitt*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Pittman & Greene*, contra.

GARDNER, P. J. It is the contention of the plaintiff that the only issue before this court is whether or not the petition is good as against a general demurrer filed by the three defendants. It will be noted that the petition alleges ownership and/or interest in the land or trees. The petition must be construed as a whole. See *Pink* v. *A.A.A. Highway Express, Inc.*, 191 *Ga.* 502 (13 S. E. 2d 337). There are many other cases to the same effect. Counsel for the defendants quote Code (Ann.) § 105-1412, which reads as follows: "Every person, firm or corporation, who, without the written consent of the owner of legal title to land or an interest in land as security for debt, as shown by the public records of the county where such land is located, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself, itself or another, any trees growing or grown on such land, shall be liable to such owner of such legal title for such trees or the value thereof, in any form, bought, sold, cut, removed, held, disposed of, changed in form, or otherwise converted by him or it: Provided that recovery may not be for more than the unpaid portion of the secured indebtedness, interest thereon, and a reasonable attorney's fee: Provided

such recovery may be had by action at law from the purchaser or purchasers of such interest in the trees, mineral, or other rights or interest in said incumbered real estate, either jointly or severally, with the holder of the equitable title; the owner of said land shall be allowed to use said timber for his own use, such as firewood or other necessary uses of timber in and around said farm." Counsel contend that the suit could be brought only by the person who owned the land and trees or interest therein to secure debt at the time the conversion began.

Code § 85-1805 provides that a right of action is assignable if it involved, directly or indirectly a right of property. That Code section, which changed the rule applicable at common law and accordingly applicable in this State prior to its passage, first appears in the Code of 1895. In *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124) it is held that destruction of property in a tortious manner gives rise to a right of action; that such a right is assignable, and that a petition alleging that the plaintiff is the purchaser of "all the right, title and interest in and to the assets" of a certain business is a sufficient allegation that he is the assignee of the chose in action (as against general demurrer) as to allow the purchaser to bring an action in tort in his own name as plaintiff. That case further discusses *Allen* v. *Macon, Dublin &c. R. Co.,* 107 *Ga.* 838 (33 S. E. 696), (upon which the majority opinion is predicated) and points out that the state of facts out of which that litigation arose occurred in 1893, prior to the enactment of Code § 85-1805, and that the *Allen* case is not applicable to litigation arising after the enactment of that Code section. Again, in *Evans* v. *Brown,* 196 *Ga.* 634, 639 (27 S. E. 2d 300) it was held: "The deed by Evans to Lula Hunter, purporting to convey the entire estate in this land, appears to have been made after the breach by the defendants; and while such a conveyance would have been ineffectual at common law, and might even have destroyed the rights of the grantor, yet in this State any chose in action involving a property right may be assigned, and so the deed to Lula Hunter, as made after such breach, vested in her all the rights of her grantor as to this property, including the right of suit." Here the deed from Calhoun National Bank of Calhoun, Georgia, to the plaintiff vested in the plaintiff all of the rights of the grantor

458

in the property involved, including the right to bring suit.

Under Code § 105-1412 and the case of *Cordele Sash, Door &c. Co.* v. *Prudential Ins. Co.*, 86 *Ga. App.* 738 (72 S. E. 2d 497), one who owns legal title to property under a security deed is entitled to recover in an action at law the value of timber cut off the land, and if it did not consent for the timber to be cut, regardless of whether the owner of the equity in the property sold the timber to the defendant and received payment therefor. In view of Code § 105-1412 giving a cause of action to the holder of a security deed in his own right, and its interpretation in *Cordele Sash, Door &c. Co.* v. *Prudential Ins. Co.*, supra, and in view of Code § 85-1805 providing for assignment of a chose in action involving a right in property and its interpretation in *Sullivan* v. *Curling*, 149 *Ga.* 96, supra, it is our opinion that this petition which alleges that the plaintiff is the assignee of the security deed in question together with all the rights, remedies and powers therein contained states a cause of action in the plaintiff for recovery of the value of timber cut from the land conveyed in the security deed, to the extent of the unpaid secured debt.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*