40510. TURNER ADVERTISING COMPANY v. GARCIA et al.

MARSHALL, Presiding Justice.

The appellees-plaintiffs obtained an injunction ordering the appellant and other defendants to remove from the defendants' property within 10 days, an outdoor advertising sign which was in violation of certain restrictive covenants. See *Turner Advertising Co. v. Garcia,* 251 Ga. 46 (302 SE2d 547) (1983).

The plaintiffs subsequently filed a motion for contempt, alleging that the defendants had failed to remove the sign, and the defendants moved to vacate the injunction. There was evidence at the hearing on these motions that defendant-appellant Turner Advertising Co. — after the motion for contempt was filed, after filing its motion to vacate the injunction, and prior to the hearing on the parties' motions — had sold all of its interest in the sign to Turner Outdoor Advertising, Ltd., an Alabama limited partnership; and that the two plaintiffs had conveyed the property which they owned adjacent to the defendants' property by warranty deed in fee simple, four days after the injunction order was entered. The trial court's recitation of facts stated that the plaintiffs had been allowed, over objection, to introduce in evidence a certified copy of the recorded purchase money security deed which the plaintiffs (plural) took back from the purchasers of the real estate; however, the copy referred to does not appear in the record before us. One of the trial court's

findings of fact was that plaintiff Carnes had taken back (on an unspecified date) a security deed covering the property conveyed by the plaintiffs.

The trial court found defendant-appellant in contempt, and gave it 30 days within which to purge itself of contempt by removing the offending sign.

1. To maintain an action to enforce restrictive covenants, an individual must be the owner of, or have a direct interest in, the premises. Pindar, Ga. Real Est. Law, § 19-197 (2d Ed.), p. 738; 56 ALR3d 556, 586-587; 20 AmJur2d 853, Covenants, § 288; Restatement, Property, §§ 549-550. Whereas the grantor of a security deed has only the right of possession and the equity of redemption, the grantee of a security deed holds legal title to the land and all the privileges of ownership except possession, until the debt is paid. OCGA § 44-14-60 (Code Ann. § 67-1301); *Todd v. Morgan,* 215 Ga. 220, 222 (2) (109 SE2d 803) (1959); *C. & S. Bank v. Realty Sav. &c. Co.,* 167 Ga. 170, 171 (1) (144 SE 893) (1928); Pindar, supra, §§ 21-39, 40. The interest in the land of a grantee of a security deed is sufficient in order to maintain an action for ejectment against anyone other than the grantor, and against the grantor if in default. *Todd v. Morgan,* supra, (2); *Marshall v. Carter,* 143 Ga. 526 (3) (85 SE 691) (1915).

Just as the grantee in the security deed has standing to maintain an action for ejectment against an outsider, we hold that the grantee has standing to enforce the restrictive covenants against an outsider, both actions being against the intrusions of an outsider, with only the nature of the intrusion being different. Nor need such grantee show actual benefit or injury to himself. " 'To warrant relief by injunction in the case of a covenant restricting erections upon the premises conveyed, it is not essential that the plaintiff should show any actual damage resulting from the breach of covenant of which he complains; and if a clear breach be shown, equity may interpose its preventive aid regardless of the question of damages, since the covenantee is entitled to the benefit of his covenant'. . . 'Equity will interfere by injunction to prevent the breach of an express, negative covenant, even though no substantial injury is caused by such breach . . . ' " *Smith v. Pindar Real Estate Co.,* 187 Ga. 229, 235 (1) (200 SE 131) (1938).

The case of *Federal Land Bank v. St. Clair Lumber Co.,* 58 Ga. App. 532 (199 SE 337) (1938), cited by the appellant, is not authority to the contrary. That case held that the grantee in a security deed had to show that his security was being impaired in order to recover for timber cut from the land under timber rights sold by the grantor to another, who sold the cut timber to the defendant. That case did not

involve restrictive covenants, and its rationale does not apply here. In any event, the rationale of that case was rejected the following year by the enactment of Code Ann. § 105-1412 (Ga. L. 1939, p. 340), now OCGA § 51-12-51, which gave the grantee in a security deed a claim against a third party for unauthorized timber cutting.

2. Ordinarily, one charged with contempt for failure to comply with a court order makes a complete defense by proving that he is unable to comply; however, the defendant's own acts cannot be responsible for his inability to comply. Fed. Trade Comm. v. Blaine, 308 FSupp. 932, 933-934 (4, 5) (N. D. Ga. 1970) and cits. The evidence that the defendant Turner Advertising Co. conveyed its interest in the sign after the plaintiffs filed their motion for contempt, constituted no defense to the contempt proceeding, and indicated the defendant's responsibility for its inability to comply with the injunction order.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

*Schreeder, Wheeler & Flint, David H. Flint, John A. Christy, Webb, Fowler & Tanner, William G. Tanner,* for appellant.

*Winship E. Rees, Henry & Henry, Patrick F. Henry, Jr., Raiford & Dixon, Thomas C. Raiford, Jr.,* for appellees.