## A90A1219, A90A1220. JASPER CONSTRUCTION COMPANY v. ECHOLS et al. (two cases).

(400 SE2d 660)

POPE, Judge.

We granted this interlocutory appeal to consider whether the trial court properly denied summary judgment to appellant/defendant Jasper Construction Company (hereinafter "Jasper"). Appellees/plaintiffs (hereinafter "plaintiffs") Deborah Ann Echols, widow of Anthony L. Echols, and Doug Echols, Administrator of the estate of Anthony L. Echols, brought separate actions for wrongful death and gross negligence against Jasper alleging that Jasper's negligence in highway construction along Interstate 75 (I-75) caused the death of Anthony L. Echols. Jasper was hired by the Georgia Department of Transportation (DOT) to construct new inside lanes for I-75 in Henry, Butts and Spalding counties. On May 16, 1985, at approximately 5:30 p.m. while the construction project was in progress, but after work in the area had ceased for the day, the car driven by Echols left the paved portion of I-75, entered the temporary dirt shoulder of the road and then flipped as Echols tried to get back onto the pavement. Echols was ejected from the car and died of his injuries.

Jasper moved for summary judgment on the basis that the construction was performed in all respects in compliance with the plans, specifications and direction of the DOT. Jasper relied on the affidavit of its Grading Foreman on the job at the site of the accident, George McCleery, who stated that on the day of the accident his crew had been removing asphalt immediately adjacent to the inside southbound lane of I-75. Before work stopped that afternoon the area immediately adjacent to the traveled portion of the road was "safed up," or made safe pursuant to the plans and specifications of the DOT. This was done through the placement of dirt and asphalt immediately adjacent to the traveled portion of the roadway, placement of temporary barriers, and the placement of warning signs and traffic control devices as specified by the plans of the DOT. Deposition testimony by Leah Caces Hardy, Project Engineer for Jasper at the site on the day of the accident, corroborated that the area was "safed up" in compliance with DOT plans at the conclusion of the day's work.

Plaintiffs opposed Jasper's motion, relying upon the affidavit of Lewis Hurd. Jasper objected to Hurd's affidavit on the basis that it was conclusory and based on hearsay and moved that it be stricken. In denying the motion for summary judgment, the trial court specifically stated that it did not rely on the Hurd affidavit. *Held*:

We reverse. "It is well established that in determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, it is

usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskilful or negligent execution of the work the contractor (and usually not the employer) is liable. A contractor for the State engaged in work on a public project is not liable for injury or damage to private property resulting from the work performed unless that damage or injury results from the contractor's negligence or wilful tort." (Punctuation and citations omitted.) *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150, 151 (361 SE2d 34) (1987). "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show that there is a genuine issue for trial." (Punctuation and citation omitted.) *Buffington v. Gold Kist, Inc.*, 179 Ga. App. 393, 394 (346 SE2d 577) (1986).

In the present case, on motion for summary judgment, Jasper presented evidence that it complied with the plans and specifications of its employer, the DOT, in constructing the temporary shoulder at the close of the workday and in placing barricades and warning signs as specified by the DOT. In opposition, plaintiffs argue that Jasper was negligent in the execution of the contract and specify four areas: (1) Jasper removed barricades from the pavement in the same direction as traffic was travelling; (2) Jasper back-filled the temporary shoulder with loose dirt rather than with rock or another hard substance; (3) Jasper removed the barricades completely from the pavement and instead placed them on the temporary shoulder immediately adjacent to the pavement; (4) Jasper failed to repair sections of pavement in the driving lanes. However, plaintiffs have not demonstrated by the record how any of these four alleged negligent acts violated Jasper's duty under the contract. Regarding the first three allegations, the testimony of Johnny Matthews, the DOT Project Engineer, shows that Jasper complied with DOT plans and specifications regarding each of those areas, removal of barricades at the close of the workday to open traffic on the lane, constructing a temporary shoulder by back-filling with dirt, and placement of barricades on the dirt shoulder and not partly on the pavement. Regarding the fourth area, Matthews testified that he personally inspected the pavement shortly after the accident and saw nothing unusual and nothing that required repair with asphalt as contemplated by the contract specifications.

We hold that the trial court erred in denying Jasper's motion for

summary judgment. Jasper produced evidence that it complied with DOT plans and specifications at the site of the accident in constructing the temporary shoulder and in placing warning signs and barriers. Plaintiffs did not rebut that evidence with any facts, and relied instead on the general rule that questions of negligence are for the jury. We hold that no question of material fact exists and Jasper is entitled to summary judgment as a matter of law.

*Judgments reversed. Deen, P. J., and Beasley, J.; concur.*

DECIDED NOVEMBER 27, 1990 —
REHEARING DENIED DECEMBER 19, 1990 — 

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, C. Bradford Marsh,* for appellant.
*Smith & Welch, Ben W. Studdard, A. J. Welch, Jr.,* for appellee.