A91A1516. SOUTHERN LAND & CATTLE COMPANY v. SIMMONS.
(415 SE2d 329)

ANDREWS, Judge.

Southern Land & Cattle Company (Southern) brought suit seeking to recover the value of timber cut, removed and sold by Simmons without Southern's permission from land to which Southern held le-

gal title. The trial court granted summary judgment in favor of Simmons, and Southern appeals.

Viewing the evidence in favor of the non-moving party on summary judgment (*Eiberger v. West*, 247 Ga. 767, 769 (281 SE2d 148) (1981); OCGA § 9-11-56), the facts establish that Simmons cut and sold the timber at the direction of Martha Johnson who, at the time of the cutting, was in possession of the land as a party to an installment contract to purchase the unimproved land at issue from Southern as a home site. The installment contract, executed by Johnson and Southern, was an executory agreement whereby Johnson paid $60 down and thereafter made installment payments of $60 per month on the purchase price of $5,000. Johnson had the right of possession to the land as long as she was not in default under the terms of the contract, and legal title remained in the seller. After Johnson paid a total of $1,000 toward the purchase price, the contract provided that Southern would give Johnson a warranty deed to the property, and, in place of the installment contract, accept a promissory note from Johnson for the unpaid balance of the purchase price secured by a deed to secure debt over the land. The contract contained a clause stating that "[t]he Buyer shall not commit or permit to be committed any waste of the property, including the cutting or removal of any trees without the written permission of the Seller, until this contract is paid off in full." Southern gave no permission, written or otherwise, for the trees to be cut. Though Johnson had not paid the $1,000 necessary to receive a warranty deed under the installment contract, she was in possession of the land and current on her payments at the time Simmons cut the trees at her direction. After cutting the trees, Simmons sold them for timber and kept the proceeds as reimbursement for the work done.

Though installment land contracts such as the one at issue have been commonly employed in other states (see 7 Powell On Real Property, Ch. 84D (1991)), they have never been widely used in Georgia, and have received little appellate consideration. See Pindar, Ga. Real Est. Sales Contracts, § 1-3.1 (3rd ed. 1987). We agree with the trial court that this installment contract was akin to the now largely abandoned bond for title in that it served as a contract for the sale and purchase of land; initially conveyed possession to the purchaser while legal title remained in the seller; and acted as a security instrument in the manner of a security deed while the payments were being made. See Pindar, Ga. Real Est. Law, § 20.70 (3rd ed. 1986). Employing this analogy, the trial court granted summary judgment to Simmons based upon the rule expressed in a line of cases to the effect that the holder of legal title (either a vendor in a bond for title or a grantee in a security deed) may not recover at law from a third party for the value of timber cut and removed by the third party at the direction of the

party in peaceable possession of the land (even if the third party knows such vendor or grantee holds legal title), except on a showing of fraud and collusion between the possessor and the third party.[1] *Beavers v. Reynolds Bros. Lumber Co.*, 68 Ga. App. 858, 860-861 (24 SE2d 813) (1943); *Federal Land Bank of Columbia v. St. Clair Lumber Co.*, 58 Ga. App. 532 (199 SE 337) (1938); *Mills Lumber Co. v. Milam*, 57 Ga. App. 211, 216 (194 SE 911) (1938); *Colquitt County Land Co. v. Rowell*, 30 Ga. App. 738 (119 SE 223) (1923). There were no allegations of fraud in the present action.

However, the rationale of this line of cases was rejected by the enactment of Ga. L. 1939, p. 340, currently denominated as OCGA § 51-12-51, which created a cause of action in the holder of legal title, or a security interest in land, against a third party like Simmons who, without the written consent of the legal title or security interest holder, cuts and removes timber. *Turner Advertising Co. v. Garcia*, 252 Ga. 101, 102-103 (311 SE2d 466) (1984); *Sohr v. Carpenter*, 156 Ga. App. 126 (274 SE2d 123) (1980); *Davis v. Rome Kraft Co.*, 96 Ga. App. 450, 458 (100 SE2d 473) (1957); *Cordele Sash, Door &c. Co. v. Prudential Ins. Co. of Am.*, 86 Ga. App. 738-741 (72 SE2d 497) (1952). The interest in the land held by Southern under the installment contract at the time the timber was cut was sufficient to give Southern a cause of action against Simmons, individually, pursuant to OCGA § 51-12-51 (a) under the allegations of the complaint. Under OCGA § 51-12-51 (a), in order to maintain such an action, Southern must demonstrate that its interest in the property was recorded in "the public records of the county where such land is located." Accordingly, questions of fact exist as to Simmons' liability on this cause of action and, to the extent that Southern's damages may not be limited by the provisions of OCGA § 51-12-51, a factual question may exist as to whether Simmons was a willful trespasser within the meaning of OCGA § 51-12-50. The trial court erred by granting summary judgment in favor of Simmons.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 10, 1992.

*Michael S. Huff & Associates, Reagan W. Dean*, for appellant.

---

[1] Despite the rule precluding such a cause of action at law, "[s]uch holder of the legal title could, without question, ask and obtain the aid of a court of equity against the grantor in the security deed or the vendee in a bond for title, and the purchaser of the timber, where it can be shown that the cutting and removing the timber will impair the security." *Mills Lumber Co. v. Milam*, 57 Ga. App. 211, 216 (194 SE 911) (1938); *Darby v. Mut. Benefit Life Ins. Co.*, 165 Ga. 516 (141 SE 410) (1927) (injunction granted to prevent cutting of timber when such cutting would impair value of security).

*Harrison, Harrison & Llop, Steven M. Harrison*, for appellee.