A09A2252. LEE et al. v. SOUTHERN TELECOM COMPANY et al.
(694 SE2d 125)

BARNES, Judge.

Wayne F. Lee and Paulette D. Lee appeal the grant of summary judgment to Southern Telecom Company, Gilbert Southern Corporation, and Level 3 Communications (collectively "Southern Telecom") in the Lees' action for trespass. The Lees' claim arose from Southern Telecom's subcontractor laying underground cable on the Lees' property. The Lees contend the trial court erred by holding that they did not have sufficient title to the land where the cable was installed to maintain an action for trespass and erred by finding that because independent contractors installed the cable, Southern Telecom was not responsible for and is insulated from the trespass. We agree and reverse the trial court's grant of summary judgment.

The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion, *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988), and the court cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When we review the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Giving the Lees all the benefits to which they are entitled as the nonmovants, the record shows that they were the owners of the land. Southern Telecom, through a sub-contractor, began laying conduit and fiber optic cable along Oliff-Thornton and Jack Deal Roads ("the roads"), what it thought was the county right-of-way. The deed through which the Lees took title to their land stated that the property was conveyed subject to all easements, leases, and rights of way of record or shown on a plat attached to the deed. The plat incorrectly showed a 30-foot right-of-way along the roads. Southern

Telecom's subcontractor was laying the cable in what it believed to be the right-of-way as measured from 15 feet from the center of the roads. This meant the cable was being installed between four or five feet from the edge of the road.

When Wayne Lee saw what was being done, he protested to those who were on site laying the cable that they were laying the cable on his land. Nevertheless, the cable was placed four to five feet from the edge of the road for several hundred yards along the Lees' land. Lee also complained that trees were damaged on another part of his property and that rows of crops along the edge of the road had been dug up.

After the cable was installed, a company adjusting claims arising from the installation of the cable tendered to Lee a check for $675. Lee, however, did not accept the payment. The record shows that after the fact, the Appling County Board of Commissioners wrote letters to the Lees and the company adjusting claims, explaining that the county had no easement in the land next to the roadbed. The public road in this case, like other county-maintained roads that had not been formally dedicated to the county, was only the actual width of the roadbed itself.

Also after the fact, the surveyor who prepared the plat attached to the Lees' deed learned that the roads were not dedicated to the county, and revised the plat to show that the roads did not have formally deeded rights-of-way. The surveyor stated that when preparing the original plat, he assumed that the roads had been dedicated to the county. The county surveyor testified that the cable was installed on the Lees' property and not county property.

The Lees sued Southern Telecom and the subcontractor who installed the cable, alleging that they entered the Lees' property without their permission and installed fiber optic cable on the Lees' property also without their permission. They sought compensatory and punitive damages as well as attorney fees and expenses of litigation. The complaint included a claim of nuisance and sought ejectment of the cable from their property. The defendants answered, and after conducting discovery, moved for summary judgment. The thrust of the motion was that the cable was installed in the right-of-way as shown on the plat attached to the Lees' deed and that if any trespass occurred it was by a subcontractor, not Southern Telecom.

The trial court granted the motion. It held that independent contractors lawfully installed the cable on the right-of-way shown on the plat and that the Lees were bound by that plat. The court further found that the independent contractor was "solely responsible to the means, methods, and sequencing of the installation" and, citing OCGA § 51-2-4, that Southern Telecom was not liable for torts committed by the independent contractors.

1. The underlying premise of the trial court's grant of summary judgment is that the Lees could not maintain this action because the plat showed questions regarding the Lees' ownership of the land on which the cable was installed. This is not the law in this state. "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." OCGA § 51-9-1. Further, under OCGA §§ 51-9-2[1] and 51-9-3,[2] one in bare possession of land is sufficient to authorize recovery for interference with the possession of the land "in any manner." Bare possession of land authorizes the recovery of damages from anyone wrongfully interfering with the possession. *Tacon v. Equity One*, 280 Ga. App. 183, 188 (2) (633 SE2d 599) (2006); *Collins v. Baker*, 51 Ga. App. 669, 674 (181 SE 425) (1935). Under Georgia law, "a trespasser is one who, *though peacefully or by mistake*, wrongfully enters upon property owned or occupied by another." (Punctuation omitted; emphasis supplied.) *Frank Mayes & Assoc. v. Massood*, 238 Ga. App. 416, 418 (1) (518 SE2d 903) (1999). Although Georgia law recognizes the doctrine of the innocent trespasser, whether a trespass was wilful or innocent is generally for the jury to decide. *Nichols v. Ga. Television Co.*, 250 Ga. App. 789, 790 (1) (552 SE2d 550) (2001).

Pretermitting whether the revision to the plat was sufficient to correct any technical deficiencies in the Lees' title, they were in possession of the land on which the cable was installed and neither the county nor any other person or entity claims ownership of it. In these circumstances their possession of the land was sufficient to authorize them to bring this action.

2. In the motion for summary judgment Southern Telecom asserted that it was not liable because the cable was installed by an independent contractor and employers are not vicariously liable for the torts of independent contractors. See *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457, 458 (1) (249 SE2d 281) (1978). The motion was supported by affidavits from two employees of Level 3 Communications. The first Level 3 employee's affidavit stated that he had viewed where the cable was installed, reviewed the installation of the cable on the "as built" drawings of Level 3, and determined that the cable was installed within 15 feet of the centerline of the roads. The second employee's affidavit states that the cable was installed by an independent contractor and subcontractors "who were solely responsible to the means and methods of

[1] "The bare right to possession of lands shall authorize their recovery by the owner of such right, as well as damages for the withholding of such right."

[2] "The bare possession of land shall authorize the possessor to recover damages from any person who wrongfully interferes with such possession in any manner."

installation." The motion, however, was not supported by contracts showing the respective duties and responsibilities of Southern Telecom or the subcontractors, or by any evidence showing where the cable was to be installed. This evidence falls woefully short of that required to avoid liability in a trespass to land case. Left unsaid is who selected the location for the installation of the cable and whether these contractors installed the cable as directed by Southern Telecom. Further, no subcontractor provided any evidence in support of the motion.

*C. W. Matthews Contracting Co. v. Wells* does not require a different result. There this court found that the contractor was an innocent trespasser as a matter of law. Here, the evidence shows that Lee protested the installation of the cable on his land but the cable was installed there anyway. Further, the evidence shows that someone entered his land at another location and damaged his trees. This evidence is sufficient to raise a jury issue on whether the trespass was innocent.

Moreover, merely because the trespass was committed by a contractor, even one who was solely responsible to the means and methods of installation, does not relieve Southern Telecom from liability because the evidence does not address whether Southern Telecom directed where the cable should be installed. *Chattahoochee Brick Co. v. Goings*, 135 Ga. 529, 535 (69 SE 865) (1910) (anyone aiding, abetting, or inciting, encouraging or directing a trespass, through words or conduct, is liable equally with actual trespassers); *Evans v. Cannon*, 34 Ga. App. 467, 472 (130 SE 76) (1925) (anyone procuring or assisting the commission of a trespass or doing any act which ordinarily induces its commission is as liable as the actual perpetrator).

> It is well established that in determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskillful or negligent execution of the work the contractor (and usually not the employer) is liable.

*Jasper Constr. Co. v. Echols,* 198 Ga. App. 127-128 (400 SE2d 660) (1990). Thus, the fact that Southern Telecom's contractor may have

committed the actual trespass does not excuse it from liability. See *Jones v. Ceniza*, 257 Ga. App. 806, 809 (2) (572 SE2d 362) (2002) (evidence showed that employer pointed out an incorrect property line); *Tingle v. Jones*, 249 Ga. App. 654, 656 (549 SE2d 477) (2001) (evidence that employer disregarded property line, resulting in the trespass); *Klingshirn v. McNeal*, 239 Ga. App. 112-113 (1) (520 SE2d 761) (1999) (based on employer's instructions, contractor cut trees on property not belonging to employer).

Accordingly, the trial court erred by granting summary judgment.

*Judgment reversed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 26, 2010 —
RECONSIDERATION DENIED APRIL 12, 2010 —

*Keith M. Morris*, for appellants.
*Hawkins & Parnell, Kenneth Sisco*, for appellees.

