**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 6, 2014**

# In the Court of Appeals of Georgia

A13A1712. WELLS FARGO BANK, N. A. v. TWENTY SIX
      PROPERTIES, LLC et al.

ELLINGTON, Presiding Judge.

Wells Fargo Bank, N. A., filed this action in the Superior Court of Fulton County seeking, among other relief, a declaratory judgment that it has a valid lien against certain property in Forsyth County pursuant to a deed to secure debt granted by James Pefanis to AME Financial Corporation to secure a promissory note, Further, Wells Fargo seeks a declaration that its lien is entitled to first priority status, and, in particular, that its lien is superior to a writ of execution held by Evangelina Forsberg as a result of a personal injury judgment that she had obtained against Pefanis. Forsberg filed a counterclaim, seeking a declaration that she has a lien against the property that is first in priority and that Wells Fargo has no valid lien at all against the

property. Wells Fargo filed a motion for partial summary judgment on the issue of the priority of its lien compared to Forsberg's interest in the property, and Forsberg also filed a motion for summary judgment. After a hearing, the trial court granted Forsberg's motion for summary judgment and denied Wells Fargo's motion for partial summary judgment. Wells Fargo appeals, and, for the reasons explained below, we reverse the grant of summary judgment in Forsberg's favor.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c).

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010). See also *Morgan Enterprises v. Gordon Gillett Business Realty*, 196 Ga. App. 112 (395 SE2d 303) (1990) ("On cross-motions for summary

2

judgment, each party must show there is no genuine issue of material fact regarding the resolution of [the essential] points of inquiry and that each, respectively, is entitled to summary judgment; either party, to prevail by summary judgment, must bear its burden of proof.").

The record shows the following undisputed facts. On September 8, 1994, Paul and Jacalyn Gawron conveyed 14.21 acres of real property located in Forsyth County in fee simple via warranty deed to Ron Eckland. On the same day, Eckland conveyed 10.0 acres of the property via quitclaim deed to himself and to James Pefanis as joint tenants with right of survivorship.[1] The 10.0 acre tract is improved with a single family home with an address of 6835 Matt Highway, Cumming ("the property"). On December 15, 1997, Eckland conveyed his interest as a joint tenant in the property to Pefanis via warranty deed recorded March 6, 1998. On June 1, 2007, Pefanis conveyed his interest in the property via quitclaim deed back to Eckland.[2] That deed was recorded on April 22, 2008. Superior Court of Forsyth County, Book 5107, Pages

_____

[1] On the same day, September 8, 1994, Eckland conveyed the remaining 4.21 acres of the Gawron property via quitclaim deed to James Pefanis. All of the deeds executed on September 8, 1994, were recorded on October 6, 1994.

[2] On the same day, June 1, 2007, Pefanis also conveyed his interest in the 4.21 acre tract via quitclaim deed back to Eckland.

3

195-196. On February 26, 2009, Eckland conveyed his interest in the property via quitclaim deed to Twenty Six Properties, LLC.[3] That deed was recorded on June 3, 2009. Superior Court of Forsyth County, Book 5442, Pages 407-408.

In several separate transactions between December 1997, when Eckland conveyed his interest in the property to Pefanis, and June 2007, when Pefanis conveyed the property back to Eckland, Pefanis borrowed money, using the property as security, and conveyed the property to lenders via deeds to secure debts. At issue in this case is a deed to secure debt Pefanis executed on June 28, 2006, conveying the property to AME Financial Corporation to secure a 30-year promissory note with the original principal amount of $1,425,000. Wells Fargo purchased that secured debt from AME Financial Corporation on August 2, 2006.

On December 17, 2007, Forsberg filed a lawsuit in the federal district court for the Northern District of Georgia, Case No. 1:07-cv-3116-JOF-RGV, alleging that, while she was an employee of AME Financial Corporation, Pefanis sexually harassed her. On March 19, 2008, while Forsberg's suit was pending, Eckland filed a copy of the June 28, 2006 deed to secure debt conveying the property to AME Financial

---

[3] On the same day, February 26, 2009, Eckland also conveyed his interest in the 4.21 acre tract via quitclaim deed to Twenty Six Properties, LLC.

Corporation. Superior Court of Forsyth County, Book 5072, pp. 178-199. Along with the deed, which until then had never been recorded, Eckland filed his affidavit, in which he deposed that his law firm had been the closing attorney for the transaction and that the original deed to secure debt had been lost or misplaced. Although the debt that the deed secured had a term of 30 years, the deed that Eckland filed had been altered to show that the debt had a term of only 3 years.

A few months after Eckland recorded the June 28, 2006 deed to secure debt (as altered), Forsberg's claim against Pefanis went to trial, and a jury returned a verdict in her favor. The district court entered judgment on October 20, 2009. On November 2, 2009, Forsberg obtained a writ of execution directing that "the goods and chattels, lands and tenements . . . belonging to James Pefanis" be levied to satisfy that judgment. On November 4, 2009, Forsberg filed the writ of execution in Forsyth County, where 6835 Matt Highway is located.

Pefanis defaulted on the June 28, 2006 promissory note in early 2010. On March 3, 2011, Wells Fargo filed this declaratory judgment action, claiming that it has a valid first priority lien against 6835 Matt Highway, which, as to that property, trumps Forsberg's writ of execution.

The trial court granted Forsberg's motion for summary judgment on January 2, 2013. In so ruling, the trial court determined that, because the June 28, 2006 deed to secure debt had been materially altered before Eckland caused it to be filed on March 19, 2008, the filing of the deed to secure debt was fraudulent and ineffectual in establishing the priority of the secured interest relative to other interests in the property.[4] The trial court held that, because, as of the date of its ruling, an authentic copy of the June 28, 2006 deed to secure debt had still not been filed, "Forsberg's judgment lien is entitled to priority over the fraudulent . . . security deed [as recorded in 2009] and the unrecorded . . . security deed[,] should it eventually be recorded" in a non-fraudulent manner.

1. Wells Fargo contends that Forsberg's judgment lien has not attached to the subject property and cannot be levied upon. As a result, Wells Fargo contends, the trial court erred in granting Forsberg's motion for summary judgment.

_____

[4] See OCGA § 44-14-63 (a) ("Every deed to secure debt shall be recorded in the county where the land conveyed is located."); Daniel F. Hinkel, 3 Pindar's Ga. Real Estate Law & Procedure, § 21:21 (7th ed., updated 2013) ("A security deed is valid between the parties without recording, but in order to provide constructive notice to third persons, it must be filed for record in the office of the superior court clerk of the county where the land lies.") (footnote omitted).

It is fundamental that a writ of execution for the satisfaction of a judgment authorizes a levy only upon property which the judgment debtor owns. OCGA §§ 9-13-3 ("Every execution shall follow the judgment upon which it issued[.]"); 9-13-10 ("Except as otherwise provided by law, executions . . . may be levied on all the estate of the defendant, both real and personal, which is subject to levy and sale."). See also Stuart Finestone, Ga. Post-Judgment Collection (database updated January 2013), §§ 8:1; 8:4. In this case, the evidence that, as of the date Forsberg acquired the right to seize Pefanis's assets, he had any interest in the real property at issue in this case, 6835 Matt Highway, is, at most, disputed. Regardless the nature of Pefanis's interest in the property *before* he executed the quitclaim to Eckland on June 1, 2007,[5] that

_____

[5] Under Georgia law, when a borrower gives a lender a deed to secure debt, the borrower grants and conveys outright legal title in the subject real property to the lender (the grantee) and takes "a bond for title back to the grantor upon the payment of the debt[.]" OCGA § 44-14-60. See also *West Lumber Co. v. Schnuck*, 204 Ga. 827, 835 (1) (51 SE2d 644) (1949). Thus, the borrower retains an equitable title and the right to regain or redeem legal title by payment of the secured indebtedness; the borrower also retains the right of possession. *West Lumber Co. v. Schnuck*, 204 Ga. at 835 (1); *C & S Bank v. Realty Savings & Trust Co.*, 167 Ga. 170, 171-172 (144 SE 893) (1928); *Boyer v. Whiddon*, 264 Ga. App. 137, 138 (589 SE2d 709) (2003). See generally Daniel F. Hinkel, 3 Pindar's Ga. Real Estate Law & Procedure, §§ 21:13 (7th ed., updated 2013) (estate created by security deed); 21:14 (estate of grantor); 21:15 (right of possession). The borrower's equitable estate or title may be assigned or subjected to payment of the borrower's other debts. *C & S Bank v. Realty Savings*, 167 Ga. at 171-172.

recorded quitclaim is evidence that he divested himself of any interest he had in the property on that date. It may be that, after Pefanis executed the June 1, 2007 quitclaim, he reacquired an interest in the property, or that that conveyance to Eckland may at some point be set aside.[6] But the record before the trial court when it ruled on the motion for summary judgment did not establish as a matter of law that Pefanis had any legal or equitable interest in the property at any time *after* he executed the quitclaim. Because the record did not establish that Pefanis had any ownership interest in the property upon which Forsberg's right to seize his assets could attach, the trial court erred in finding as a matter of law that Forsberg holds a judgment lien against the property. It follows that the trial court erred in declaring that Forsberg holds a *first priority* lien against the property and in granting her motion for summary judgment.[7]

---

[6] The record contains a Personal Financial Statement that Pefanis executed on November 20, 2007, in which, despite the June 1, 2007 quitclaim deed in Eckland's favor, Pefanis claimed that he still had a 100 percent ownership interest in 6835 Matt Highway, subject to a mortgage held by Wachovia Bank. See 2 Pindar's Ga. Real Estate Law and Procedure, §§ 19:102 (cancellation of a deed by court order; fraudulent conveyances); 19:112 (protection against unknown defects) (7th ed., updated 2013).

[7] In addition, we note that, however legitimate Forsberg's right to Pefanis's assets may be, she does not occupy the status of one who *purchased* Pefanis's interest in the property from him. See OCGA § 44-2-1 ("[A] prior unrecorded deed loses its

2. In light of our decision in Division 1, supra, Wells Fargo's remaining arguments are either moot or are premature at this time. *Bd. of Natural Resources v. Monroe County*, 252 Ga. App. 555, 557 (1) (556 SE2d 834) (2001) ("Declaratory judgment will not be rendered based upon a possible or probable future contingency because such a ruling would be an erroneous advisory opinion.") (citation and punctuation omitted).

*Judgment reversed. Phipps, C. J., and Branch, J., concur.*

---

priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed."); Eleanor L. Grossman, 3 Ga. Jur. Property, § 23:55 (database updated September 2013) (Under Georgia law, a chronologically prior but unrecorded deed to secure debt will not lose its priority against a subsequent judgment lien.); *In the Matter of Clifford*, 566 F2d 1023, 1025-1027 (5th Cir. 1978) (Under Georgia law, the holder of a prior unrecorded security deed has priority over a subsequent judgment lien creditor.).