**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 22, 2020**

# In the Court of Appeals of Georgia

A20A0838. GALT AUTOMOTIVE PROPERTIES, LLC et al. v. ADVESCO, LLC.

McFADDEN, Chief Judge.

This is an action for unauthorized cutting of timber. Advesco, LLC sued Galt Automotive Properties, LLC, BY Real Estate Development, LLC, and Brumbley Ventures, LLC (appellants), which now appeal from a verdict and judgment entered against them.

The appellants argue that the statutes that set out in detail the damages available for such unauthorized cutting, OCGA §§ 51-12-50 and 51-12-51, are inapplicable because the property is subject to a security deed and because Advesco has a tenant on the property. We do not agree. As for the security deed, the statutes authorize recovery by both legal and equitable owners, according to their interests.

As for the tenancy, the appellants cite no authority for their argument, and we find no merit in it.

The appellants also argue that the bank that holds the security deed is an indispensable party. But they did not make a timely request that the bank be added.

Finally the appellants argue that they are entitled to a directed verdict because they did not enter onto the Advesco property. But there is some evidence that they did so through an agent.

So we find no reversible error and affirm.

1. *Facts and procedural posture.*

"Following a jury trial, we view the evidence in the light most favorable to the verdict." *Evans v. Rockdale Hosp.*, 345 Ga. App. 511, 512 (813 SE2d 601) (2018).

So viewed, the evidence shows that John Adams owns Advesco, LLC and Lumber Management Systems, LLC. Advesco owns a piece of property in Fulton County that is subject to a security deed held by The Bank of the Ozarks. Lumber Management is a tenant on the Advesco property, occupying a warehouse thereon.

The Advesco property sits between two pieces of property that are owned by companies controlled and managed by Scott Seymour. In September 2014, without Advesco's knowledge, persons hired by Seymour's companies used heavy equipment

to bulldoze and remove hundreds of trees on Advesco's property in order to create a 550-foot-long dirt road connecting the two properties owned by the Seymour companies.

Advesco filed a complaint against Seymour and his companies — Galt Automotive Properties, LLC, By Real Estate Development, LLC, and Brumbley Ventures, LLC. Advesco asserted claims of trespass and conversion and sought reforestation damages for the timber cut and carried away. The case was tried before a jury, which returned a verdict in favor of Advesco and against the defendant companies, but not against Seymour, in the amounts of $272,000 in compensatory damages and $100,000 in attorney fees. The trial court entered judgment on the verdict. Galt Automotive, By Real Estate, and Brumbley Ventures appeal from the final judgment.

2. *Reforestation damages under OCGA § 51-12-50.*

The appellants contend that the trial court erred in concluding that Advesco had a right to recover reforestation damages. However, OCGA § 51-12-50 expressly authorizes the recovery of such damages. That code section provides, in pertinent part, that "when a plaintiff recovers for timber cut or cut and carried away, the

3

measure of damages shall be . . . [c]osts of reasonable reforestation activities related to the plaintiff's injury[.]" OCGA § 51-12-50 (a) (3).

Despite this plain language authorizing the recovery of reforestation damages, the appellants argue that only the bank holding the security deed to the Advesco property has the right to recover damages for conversion of the timber. Although a deed to secure debt conveys legal title in the property to the lender, "the borrower retains an equitable title and the right to regain or redeem legal title by payment of the secured indebtedness; the borrower also retains the right of possession." *Wells Fargo Bank v. Twenty Six Properties*, 325 Ga. App. 662, 665 (1), n. 5 (754 SE2d 630) (2014). Accord *Rhodes v. Anchor Rode Condo. Homeowner's Assn*., 270 Ga. 139 (1) (508 SE2d 648) (1998) (security deed conveys legal title to the grantee with the grantor retaining an equitable estate entitling the grantor and his assigns to possession). See OCGA § 44-14-60.

"To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass." *Brown Investment Group v. Mayor and Aldermen of the City of Savannah*, 289 Ga. 67, 68 (709 SE2d 214) (2011) (citations and punctuation omitted). So while Advesco was not the legal title holder to the property, its equitable estate, which

4

entitles it to the right of possession of the property, also authorizes it to recover reforestation damages. "The fact that there was an outstanding security deed which passed the legal title would not have prevented the grantor [Advesco] from having such a[n equitable] title [and right of possession] as would support an action of trespass [or conversion of the timber]." *Smith v. Fischer*, 52 Ga. App. 598, 602 (184 SE 406) (1936).

We note that the appellants have further claimed, without citation to any legal authority, that there was no evidence of any interference with Advesco's right of possession of the property since it had a tenant thereon. We are unpersuaded by the claim and find that under the circumstances the appellants' unauthorized "entry [and cutting of timber] upon the premises would be a trespass upon the possession, actual or constructive, of [Advesco]." *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 240 (2) (316 SE2d 537) (1984) (citations, punctuation, and emphasis omitted). The trial court did not err in concluding that Advesco was entitled to recover reforestation damages. See generally *Thakkar v. St. Ives Country Club*, 250 Ga. App. 893, 895 (2) (553 SE2d 181) (2001) (trial court did not err in receiving evidence and awarding damages based on cost of restoration of lost trees).

3. *OCGA § 51-12-51 does not preclude recovery by the holder of equitable title.*

OCGA § 51-12-50 sets out the measure of damages for unauthorized cutting of timber. OCGA § 51-12-51 provides that one who engages in such unauthorized cutting "shall be liable to the holder of the legal title[.]" Galt Automotive argues that, under § 51-12-51 only the bank, which holds the legal title, can recover. We do not agree.

The statute now codified as OCGA § 51-12-51 was enacted in 1939, Laws 1939, p. 340, § 1. By that time, the predecessor to OCGA § 51-12-50 had been in force for many years. Civil Code 1895, § 3918. Before 1939, a security deed grantee with legal title to property could "not recover at law from a third party for the value of timber cut and removed by the third party at the direction of the party in peaceable possession of the land . . . , except on a showing of fraud and collusion between the possessor and the third party." *Southern Land & Cattle Co. v. Simmons*, 202 Ga. App. 734, 735-736 (415 SE2d 329) (1992). But the rationale of this case law "was rejected by the enactment of [the statute] currently denominated as OCGA § 51-12-51, which created a cause of action in the holder of legal title, or a security interest in land,

6

against a third party . . . who, without the written consent of the legal title or security interest holder, cuts and removes timber." Id. at 736.

OCGA § 51-12-51 provides:

(a) Every person, firm, or corporation who, without the written consent of the person holding legal title to land or to an interest in land as security for debt, as shown by the public records of the county where such land is located, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself, itself, or another any trees growing or grown on such land shall be liable to the holder of the legal title for such trees, in any form, bought, sold, cut, removed, held, disposed of, changed in form, or otherwise converted by him or it, or for the value of such trees, provided that recovery may not be for more than the unpaid portion of the secured indebtedness, interest thereon, and a reasonable attorney's fee. Recovery may be had by action at law from one who purchases, without the consent of the holder of the legal title, such interest in the trees, mineral or other rights, or interest in the encumbered real estate, either jointly or severally, with the holder of the equitable title.
(b) The equitable owner of the land shall be allowed to use the timber for his own use, such as for firewood or other necessary uses of timber in and around his farm.

Under OCGA § 51-12-51 (a), one who holds legal title to property under a security deed is entitled to "recovery of the value of timber cut from the land conveyed in the security deed, to the extent of the unpaid secured debt." *Davis v. Rome Kraft Co.*, 96 Ga. App. 450, 458 (100 SE2d 473) (1957) (construing former version of statute). See also *Redcedar, LLC v. CML-GA Social Circle*, 341 Ga. App. 110, 116 (4) (798 SE2d

334) (2017); *AgSouth Farm Credit v. Gowen Timber Co.*, 336 Ga. App. 581, 592 (3)

(784 SE2d 913) (2016); *Cordele Sash, Door & Lumber Co. v. Prudential Ins. Co. of

America*, 86 Ga. App. 738, 742 (2) (72 SE2d 497) (1952) (construing former version

of statute).

While OCGA § 51-12-51 created a cause of action for a holder of legal title,

it did not divest an equitable title holder with a right of possession, like Advesco,

from a cause of action and recovery of damages pursuant to OCGA § 51-12-50.

Rather, these two statutes "relating to the same subject matter are *in pari materia* and

must be construed together and harmonized whenever possible." *Land USA v. Ga.

Power Co.*, 297 Ga. 237, 241 (1) (773 SE2d 236) (2015) (punctuation omitted; italics

supplied). Indeed, OCGA § 51-12-50 (a) expressly provides:

> *Except as provided in Code Section 51-12-51*, when a plaintiff recovers
> for timber cut or cut and carried away, the measure of damages shall be:
> (1) Treble the fair market value of the trees cut as they stood; (2) Treble
> the diminished fair market value of any trees incidentally harmed; (3)
> Costs of reasonable reforestation activities related to the plaintiff's
> injury; and (4) Attorney fees and expenses of litigation.

(Emphasis supplied.) Thus, when construed together, OCGA § 51-12-50 outlines the

measure of damages available to a plaintiff other than a holder of a security interest,

and OCGA § 51-12-51 provides an exception that governs the cause of action and

8

measure of damages available to a security interest holder. Accordingly, the trial court did not err in holding that Advesco was entitled to damages under OCGA § 51-12-50.

4. *Refusal to add indispensable party.*

The appellants complain that the trial court erred when it refused to add the bank holding the security deed as an indispensable party pursuant to OCGA § 9-11-19. But such a request for joinder "must be asserted prior to judgment or it is waived. The issue may be asserted . . . in any pleading permitted or ordered under subsection (a) of Code Section 9-11-7, or by motion for judgment on the pleadings, or at the trial on the merits." *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 (2) (747 SE2d 68) (2013) (citations and punctuation omitted). Advesco asserts that a motion for joinder was not raised and ruled on below, and the appellants have failed to show where in the record they moved for joinder of the bank in a pleading under OCGA § 9-11-7 (a), by motion for judgment on the pleadings, or at trial on the merits.

We recognize that the appellants discussed the absence of the bank in their motion in limine seeking to exclude evidence of reforestation costs. But they did not move to have the bank added as an indispensable party, and instead suggested that the court not add the bank and not allow evidence of reforestation costs. Not only have the appellants failed to show that they moved for joinder of the bank, but they have

9

also not shown that the court ruled against any such motion for joinder. So this enumeration of error presents nothing for review. See *Crippen v. Outback Steakhouse Intl.*, 321 Ga. App. 167, 170 (1) (741 SE2d 280) (2013) (this is a court for the correction of errors of law committed by the trial court, so we do not consider issues not ruled on by the trial court).

5. *Motion for directed verdict.*

The appellants claim that the trial court erred in denying their motion for a directed verdict on the ground that they did not enter onto the Advesco property. We disagree.

"On appeal from the denial of a motion for a directed verdict, we construe evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict." *Wilkes 581 Farms v. McAvoy*, ___ Ga. App. ___ (Case No. A20A1225, decided September 18, 2020) (citation and punctuation omitted). As long as there is some evidence to support the verdict, the denial of the motion for a directed verdict will not be disturbed. *City of Pendergrass v. Rintoul*, 354 Ga. App. 618, 628 (3) n. 27 (841 SE2d 399) (2020).

Here, contrary to the appellants' claim, there was some evidence showing that they hired an agent who entered the Advesco property and cleared the timber in order to make the road connecting the appellants' properties. While there may have been conflicting evidence as to what the appellants told the agent with regard to removing trees, any such conflicts were matters for the jury to resolve. See *Wimpy v. Martin*, 356 Ga. App. 55, 58 (1) (a) (846 SE2d 230) (2020) ("To the extent that there was a conflict in the testimony, it was for the jury to weigh witness credibility and to resolve such conflicts in the evidence.") (citation and punctuation omitted). Because there was some evidence that the appellants' agent committed the actual trespass and conversion of the trees on the Advesco property, the trial court did not err in denying the motion for a directed verdict. See *Lee v. Southern Telecom Co.*, 303 Ga. App. 642, 645-646 (2) (694 SE2d 125) (2010) (fact that defendant's contractor may have committed the trespass does not excuse defendant from liability).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*